16497

ORSINI v. TROJAN STEEL CORP.

(64 S. E. (2d) 878)

*Messrs. Lewis Weinberg* and *Nelson, Mullins & Grier,* of Columbia, *for Appellant,*

*Messrs. John E. Edens* and *Edens & Woodward,* of Columbia *for Respondent,*

April 30, 1951.

TAYLOR, Justice.

This action was brought in the Court of Common pleas for Richland County for damages for the breach by appellant of an alleged oral contract of permanent employment.

Respondent, a civil engineer, was for approximately ten years connected with the Corps of Engineers of the War Department. In 1942 he left government service to work with the McCann Steel Company of Nashville, Tennessee, which specializes in steel fabrication, and remained with this company about five years. In 1948, he left the McCann Steel Company and together with others organized a business in Atlanta, Georgia, which lasted something less than two years. Respondent, at the time of his conversation with agents of the appellant, was employed by the Link Belt Company of Atlanta as engineer and left this position to move to Columbia where he took a similar position with appellant on June 16, 1949.

Respondent's being employed by appellant and his moving to Columbia, South Carolina, were the result of an agreement with a Mr. Todd, Manager of appellant company, who, according to respondent's testimony, in a telephone conversation asked him to come to Columbia for an interview, which he did the following Monday, June 6, 1949. On June 8th, he received a telephone call from Mr. Todd, who stated that he would pay respondent $75.00 per week as wages, a commission on monthly sales and an annual bonus, and requested that respondent report for work the following Monday. Respondent demurred, stating that it would be necessary that he work a two weeks' notice for the Link Belt Company, to which Mr. Todd replied, "What do you give a damn? You have a lifetime job here. * * * Come on down." Appellant further promised to pay his moving expenses and to take care of hotel expenses until he could make other arrangements with respect to living quarters.

As as result of this agreement, respondent arrived in Columbia June 16, 1949, and commenced work the following day. His furniture had previously been shipped to Colum-

bia and at the time of the trial of this case was still in storage. His wife gave up her employment in Atlanta and brought the family a few days later to Columbia, South Carolina.

According to respondent's testimony, approximately two weeks after beginning work with appellant, he borrowed a pick-up truck from his employer for the purpose of going to Savannah, Georgia, on some personal business. Mr. Todd testified that respondent had borrowed the truck for the purpose of finding a place to live in the city of Columbia and was to report for work and return the truck Saturday morning. Upon respondent's return from Savannah Monday morning, Mr. Todd informed him, "I am going to have to let you go." To this remark, respondent replied, "If that's the way you want it, O. K." No other reason was ascribed for discharging respondent.

Respondent further testified that, although appellant had promised to reimburse him for moving his furniture to Columbia and for his hotel bills, it had never done so.

Appellant contends that respondent was employed on a weekly basis at a salary of $75.00 per week, which contract was terminable at will by either party and, in accordance therewith, the contract had been terminated as of the date testified to. It is further contended that respondent's services were unsatisfactory and that he was therefore discharged for just cause and was paid in full all sums due him.

The case was heard before the Honorable G. B. Greene, the Presiding Judge, and jury at the March 1950 term of Court of Common Pleas for Richland County and resulted in a verdict for the plaintiff in the sum of $2,250.00.

Appellant now comes to this Court, contending, among other things, that respondent failed to prove a good and sufficient consideration in addition to the services to be rendered by him so to render the alleged oral contract for permanent employment enforcible by the plaintiff; or stated in another way, the real question in the case is whether it

comes within the general rule or whether within the exception as set forth in the case of *Shealy v. Fowler*, 182 S. C. 81, 188 S. E. 499.

The general rule is that under ordinary circumstances a contract to furnish employment permanently, or so long as the employee's services shall be properly performed, or for a similar indefinite period, is no more than indefinite hiring, terminable at the will of either party, and is therefore unenforcible as to its duration. But this rule does not apply where the employee has given a good consideration in addition to the services rendered. 35 Am. Jur. 460; *Weber v. Perry*, 201 S. C. 8, 21 S. E. (2d) 193, 194; or as stated in *Shealy v. Fowler, supra*: "The general rule undoubtedly is that, where an independent consideration passes from the employee in additon to the performance of services, the duration of the contract may be optional on his part without impairing its mutuality. This rule finds its most frequent application in the case of contracts, whereby, in consideration of the release of a claim for damages, the employer promises the employee employment, but the employee does not agree to serve."

The independent consideration relied upon by respondent to take the instant case out of the general rule and place it within that of the exception is that, as stated in his brief, he gave up a satisfactory position in Atlanta with a responsible company (nowhere is it contended that this position was of a permanent nature) ; that it became necessary that he move his family from Atlanta to Columbia; that his wife who was working in Atlanta also relinquished her position; that respondent gave up his home in Atlanta and his family gave up their school, church, friends and social affiliations.

Respondent relies upon the case of *Weber v. Perry, supra.* However, in that case the plaintiff abandoned an established business in order to accept the proffered employment in a distant state. The Court held this was sufficient independent consideration to take the case out of the general rule and to

render the contract enforcible. A similar situation prevailed in the case of *Carnig v. Carr,* 167 Mass. 544, 46 N. E. 117, 35 L. R. A. 512, which is also relied upon by respondent.

In the comparatively recent case, *Malever v. Kay Jewelry Company,* 223 N. C. 148, 25 S. E. (2d) 436, plaintiff was offered " 'a regular permanent job' at $50.00 a week as salesman in the defendant's jewelry store in Charlotte, North Carolina." Plaintiff was then working in Fayetteville, North Carolina, at a salary of $75.00 a week and accepted the position with the definite understanding that the position would be permanent. There was no contention that his services were unsatisfactory, but upon appeal from the order of nonsuit, the Court said:

"While it is suggested in plaintiff's testimony that the inducement to give up his job in Fayetteville was sufficient consideration to support the agreement for permanent employment, still the agreement itself is for no definite time, and there is no business usage or other circumstances appearing on the record which would tend to give it any fixed duration. Annotations, 35 A. L. R. 1432, 62 A. L. R. 234. * * *

\* \* \*

"The general rule is, that 'permanent employment' means steady employment, a steady job, a position of some permanence, as contrasted with a temporary employment or a temporary job. Ordinarily, where there is no additional expression as to duration, a contract for permanent employment implies an indefinite general hiring, terminable at will. *McKelvy v. Choctaw Cotton Oil Co.,* 52 Okl. 81, 152 P. 414. Here, the plaintiff shows a promise of permanent employment, simpliciter, and no more. Annotations, 135 A. L. R. 646.

"We find nothing on the record to take the case out of the general rule."

To lend the condition of permanency to respondent's employment, he apparently relies upon the statement, "What

do you give a damn? You have a lifetime job here.", which was made in response to respondent's statement that he thought it necessary to give his present employers two weeks' notice. His employment in Atlanta was terminable at will, as was that of his wife. The giving up of friends, church, social and school connections are such as every employee is faced with when moving from one town to another or possibly from one part of a city to another and is not sufficient independent consideration to take the case out of the general rule.

There are allegations in respondent's complaint which are supported by testimony of his to the effect that appellant contracted to pay his moving expenses and all personal expenses, such as hotel bills, etc., until he could get situated and that such expenses had not been paid, all of which is denied by appellant. However, we are of the opinion that there is sufficient testimony in the record to make this a jury question and that the case should be remanded for a new trial on the contended liability of appellant for the last mentioned items, and it is so ordered.

FISHBURNE, STUKES and OXNER, JJ., and L. D. LIDE, A. A. J., concur.