TERESA STOUT TATUM v. ROYALL BROWN, SR., INDIVIDUALLY AND AS AGENT OF THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, AND THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY

No. 7621DC39

(Filed 19 May 1976)

1. Master and Servant § 10— employment contract — duration

When a contract of employment contains no provision concerning the duration or term of employment or the means by which it may be terminated, it is terminable at the will of either party.

2. Master and Servant § 10— breach of contract to employ — insufficiency of complaint

Plaintiff's complaint failed to state a claim for relief where she alleged that she applied for a job with defendant at a certain salary, the job was to be a long term career, defendant notified her that she had the job and directed her to give her present employer notice of termination, plaintiff gave such notice, and defendant then revoked his offer of the job, there being no allegation concerning the duration or means of termination of the employment.

APPEAL by plaintiff from *Leonard, Judge.* Judgment entered 4 December 1975 in District Court, FORSYTH County. Heard in the Court of Appeals 5 May 1976.

Plaintiff alleged that she had been employed for six years by Integon Insurance Corporation earning $545 per month. On 26 June 1975, in response to an advertisement, she applied for a position with defendant which would earn her $625 per month and employment was to be permanent and a "long term career." On 30 June 1975 defendant notified plaintiff that she had the job, and, it is alleged, defendant directed plaintiff to give notice of termination to her present employer so she could begin her duties with defendant on 14 July 1975. Plaintiff relied upon defendant's promise and gave notice to Integon on 30 June 1975, and on 10 July 1975 defendant revoked his offer.

Action was instituted by plaintiff to recover the salary promised her until such time as she located comparable employment. The court granted defendant's motion to dismiss for failure to state a claim upon which relief could be granted and plaintiff appealed.

*H. Glenn Pettyjohn for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson, by J. Robert Elster and W. Thompson Comerford, Jr., for defendant appellees.*

State v. Sawyer

ARNOLD, Judge.

Plaintiff's contention in this appeal is that the motion to dismiss was improperly granted. Defendant's position is that plaintiff alleged a contract of employment at will, and that her allegations, taken as true for purposes of the motion to dismiss, give rise to no claim upon which relief can be granted. We agree with defendant's position.

[1, 2]   Where a contract of employment contains no provision concerning the duration or term of employment, or the means by which it may be terminated, it is terminable at the will of either party, with or without cause. *Still v. Lance,* 279 N.C. 254, 182 S.E. 2d 403 (1971) ; 5 N. C. Index 2d, Master and Servant, § 10, p. 327. There is no allegation in the instant case concerning the duration or means of termination of the employment. It therefore appears as a certainty that plaintiff is entitled to no relief. Even though there may be merit in her allegations plaintiff does not stake a claim upon which relief can be granted. The action was not improperly dismissed. *Smith v. Ford Motor Co.,* 289 N.C. 71, 221 S.E. 2d 282 (1976).

We also agree with defendant's position that the doctrine of promissory estoppel does not apply in this action for breach of employment contract.

The order of the trial court is

Affirmed.

Judges BRITT and VAUGHN concur.