20613

Elliott FINGER, Respondent, v. Charlotte B. FINGER, Appellant.

(241 S. E. (2d) 746)

*E. N. Zeigler,* of Florence, *for Appellant,*

*J. M. McLendon* and *Cyrus T. Sloan, III,* of Marion, *for Respondent,*

February 16, 1978.

LITTLEJOHN, Justice:

This action was brought by the plaintiff upon an alleged promise (in writing dated July 18, 1973) by the defendant to pay annually to the plaintiff the sum of $3,000.00 for four years, commencing April 10, 1974, for "past services rendered." The answer amounts to a general denial and asserts that the instrument was signed without the defendant's having read or understood it. It also asserts that there was no consideration, that the written instrument was a gratuity and does not constitute a promissory note or contract. The lower court granted a motion for summary judgment. The defendant has appealed.

The plaintiff, Elliott Finger, and the defendant, Charlotte B. Finger, were formerly husband and wife. Sometime after they were divorced, the plaintiff sold to the defendant a duplex, upon which there was a mortgage in favor of the Pee Dee Federal in the amount of approximately $11,000.00. The consideration recited in the deed was "$1.00 and assumption of the mortgage debt." At the time of the closing of the transaction, the defendant signed an instrument as follows:

"July 18, 1973
Marion, South Carolina

"To whom it may concern:

"I will give annually to Elliott Finger three thousand dollars for four (4) years, beginning April 10, 1974 for past services rendered.

/s/ Charlotte B. Finger"

It is the contention of the plaintiff that this agreement was in fact a part of the consideration for the plaintiff's signing of the deed. There is no evidence that the plaintiff rendered any services to defendant for which he should be paid $12,000.00. There was before the lower court: (1) the deposition of John C. Rushton, son-in-law of the plaintiff

and defendant, (2) deposition of the defendant, (3) letter of attorney McLendon, and (4) letter of John C. Rushton. In Mr. McLendon's letter, he advised Mr. Rushton, who was serving as a sort of intermediary for the parties in handling the transaction: "The Tax Commission requires that the actual consideration be expressed." Notwithstanding such advice, the plaintiff's deed was executed thereafter leaving out as a part of the consideration the $12,000.00 now alleged to be due. It is inferable that the plaintiff insisted upon handling the transaction in this way in order that the record would not reflect the true consideration. This might give to him a tax advantage on capital gains.

In considering whether the court was correct in granting the motion for summary judgment, we must construe all ambiguities, conclusions and inferences arising from the evidence most strongly against the plaintiff, who was the moving party. *Williams v. Chesterfield Lumber Co.*, 267 S. C. 607, 230 S. E. (2d) 447 (1976). Summary judgment is properly granted under Circuit Court Rule 44(c) when there is: "no genuine issue as to any material fact . . ." and the "moving party is entitled to judgment as a matter of law . . ." *Sumter Dairies, Inc. v. Pelfrey*, 268 S. C. 437, 234 S. E. (2d) 490 (1977).

Although the defendant admits having signed the instrument, we are of the opinion that the plaintiff is not entitled to judgment as a matter of law. The recitation of the consideration paid for the duplex, as appears in the deed, is inconsistent with the consideration which plaintiff now asserts. This inconsistency, alone, creates a genuine issue of fact as to whether the transaction is bona fide. This should be resolved at a trial on the merits.

We do not reach the issue of whether the instrument is a promissory note or a negotiable instrument, or a contract, or evidence of a gift. Such may be pursued at the trial.

Reversed and remanded for trial.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.