Osborne v. Walker

---

JEWEL SMITH OSBORNE v. FRANCES WALKER, KATHRYN WHITNER, VIRGINIA TESH, AND THE NORTH CAROLINA BAPTIST HOSPITALS, INC.

No. 7921DC1074

(Filed 2 September 1980)

Negligence § 1.1– allegation of negligence in filing unfavorable job performance reports – no actionable negligence

Plaintiff's action to recover for the alleged negligence of defendants, her superiors, in filing negative reports on her job performance was properly dismissed.

APPEAL by plaintiff from *Hairston, Judge.* Judgment entered 13 November 1979 in Superior Court, FORSYTH County. Heard in the Court of Appeals 25 April 1980.

This is an action in which the plaintiff's claim for relief is based on the alleged negligence of the individual defendants who were plaintiff's supervisors at the Baptist Hospital. Plaintiff, a licensed practical nurse, alleged her employment was terminated because of the negligence of the individual defendants in submitting certain negative reports as to her performance. The superior court allowed a motion to dismiss the action on the ground it did not state a claim for which relief could be granted.

Plaintiff appealed.

*Pettyjohn and Molitoris, by Theodore M. Molitoris, for plaintiff appellant.*

*Womble, Carlyle, Sandridge and Rice, by David A. Irvin and Richard T. Rice, for defendant appellees.*

WEBB, Judge.

This is a case of first impression. The gravamen of the plaintiff's claim is that she should be entitled to recover for the negligence of her superiors in giving her negative reports in the course of her employment. She concedes that she was working under a contract for employment at will and could have been discharged by the proper persons whether or not her work was satisfactory. *Tatum v. Brown*, 29 N.C. App. 504, 224 S.E. 2d 698 (1976). The individual defendants did not have the authority to discharge the plaintiff. Each of them had a duty to file reports on the plaintiff's job performance, and she contends they should be held liable to her for their negligence in making these reports upon which other persons acted.

The plaintiff contends the tort of negligence should apply within the corporate relationship. She contends that within a corporation, there may be thousands of employees with no personal relationships. Supervisors make reports which other per-

Osborne v. Walker

sons use in deciding the future within the corporation of those in regard to whom the reports are made. She contends a person who makes such a report should be under a duty of due care to the person being evaluated and should be held liable if this standard of due care is violated. Plaintiff argues that employees' rights have been greatly expanded in recent years and they should now be given this additional protection of negligence law.

We decline to extend the law of negligence as the plaintiff contends we should do. Without some personal injury, negligence is usually not actionable. We believe it would put an undue burden on a supervisor who must make reports on employees to know that he or she might be sued for an unfavorable report. We believe the efficiency of business is increased if frankness in work reports is encouraged.

Since the liability of the corporate defendant is predicated on the liability of the individual defendants, we hold the action as to all defendants was properly dismissed.

Affirmed.

Judges MARTIN (Robert M.) and HILL concur.