21755

PIEDMONT ENGINEERS, ARCHITECTS AND PLANNERS, INC., Respondent, v. FIRST HARTFORD REALTY CORP., Appellant.

(293 S. E. (2d) 706)

*Hubert E. Yarborough, III*, of *Riley & Riley*, Greenville, *for appellant.*

*Thomas H. Coker, Jr.*, of *Haynsworth, Perry, Bryant, Marion & Johnstone*, Greenville, *for respondent.*

July 8, 1982.

*Per Curiam:*

In this contract action, respondent sought to collect payment for services performed. The lower court granted respondent's motion for summary judgment, and appellant has brought this appeal.

In support of its motion, respondent presented a letter from appellant's supervisor of accounts payable which was in response to an invoice from respondent. The letter stated, "I should have told you that $20,289.09 was the correct amount that we feel is due." Appellant asserts that the closing of a construction loan was a condition precedent to payment and that no loan has been closed. The lower court granted respondent's summary judgment motion on the ground that assuming the debt existed, any conditions had been waived by appellant's letter.

In considering whether the lower court was correct in granting the motion, this Court must construe all ambiguities, conclusions and inferences arising from the evidence most strongly against respondent who was the moving party. *Finger v. Finger*, 270 S. C. 244, 241 S. E. (2d) 746 (1978). Summary judgment should be granted only when it is perfectly clear that *no* issue of fact is involved. *Vaughn v. A. E. Green Co., Inc.,* ____ S. C. ____, 287 S. E. (2d) 493 (1982). Summary judgment should not be granted even when there is no dispute as to the evidentiary facts if there is dispute as to the conclusions to be drawn from those facts. *Murphy v. Hagan*, 275 S. C. 334, 271 S. E. (2d) 311 (1980).

Construing the evidence most strongly against respondent, the sentence quoted from appellant's letter could mean that appellant felt $20,289.09 was the correct amount due to respondent when and if payment became due. The sentence is not an explicit waiver. Determining whether the sentence is an implicit waiver raises a question as to the conclusions to be drawn from the facts. Respondent's summay judgment motion should have been denied. *Murphy.*

The lower court judgment is reversed and the action remanded for trial.