James A. WHITE, Plaintiff,

v.

ROCHE BIOMEDICAL
LABORATORIES,
INC., Defendant.

No. 3:91–3486–19.

United States District Court,
D. South Carolina,
Columbia Division.

Dec. 1, 1992.

---

Herbert W. Louthian, Louthian & Louthian, Columbia, SC, for plaintiff.

Henry S. Knight, Jr., Nelson, Mullins, Riley & Scarborough, Columbia, SC, for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT

SHEDD, District Judge.

This breach of employment contract and promissory estoppel action is before the Court on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. After carefully reviewing the record and the controlling legal authorities, the Court concludes that the motion should be granted and that summary judgment should be entered in favor of defendant.

## I

Summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *Fed. R.Civ.P.* 56(c). Summary judgment is not "a disfavored procedural shortcut, but rather is an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (quoting *Fed.R.Civ.P.* 1). When the moving party properly supports its motion showing that it is entitled to judgment as a matter of law, the party opposing the motion must present affirmative evidence to establish a genuine dispute of material fact which is necessary to defeat the summary judgment motion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257–58, 106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986). In reviewing a motion for summary judgment, the Court is required to view any permissible inferences to be drawn from the underlying facts in the light most favorable to the non-moving party. *Moore v. Winebrenner,* 927 F.2d 1312, 1313 (4th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991). If, after viewing the evidence in the light most favorable to the non-moving party, the Court finds that the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial, the Court must grant summary judgment against that party. *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 883–84, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695 (1990).

## II

The material facts of this case are not in dispute.[1] On May 1, 1991, plaintiff, who was then employed as an at-will employee by Qualex, Inc., went to defendant's office to apply for employment. Plaintiff completed an employment application which states directly above his signature:

I further understand that my employment is contingent upon satisfactory reference information whenever obtained, and the Company's evaluation of results of a pre-employment physical examination.

After completing the application, plaintiff met with Wesley Shaw, defendant's branch manager, who informed plaintiff that he expected a part-time driver's position to become vacant in the near future. During this meeting Shaw asked plaintiff about his driving record and plaintiff responded that he had received three speeding citations and had been involved in one accident. Shaw then informed plaintiff that he would need a copy of plaintiff's driving record and that plaintiff would have to undergo a drug screening test. Shaw did not explain to plaintiff any specific information concerning defendant's policies. Shaw concluded the interview by telling plaintiff that he would hire him for a part-time position and that he would be contacting plaintiff to let him know when a job became available.

On May 23, Shaw telephoned plaintiff and offered him a job as a part-time driver to begin on June 3, which plaintiff accepted. The offer was for an indefinite term of employment and it did not include any terms other than plaintiff's hourly wages. Shaw again told plaintiff that he needed a copy of his driving record and asked plaintiff to provide a copy to him. Shaw also again informed plaintiff that he would have to take a drug screening test. The following day, plaintiff delivered a copy of his driving record to Shaw and gave Qualex notice of his resignation.

Prior to June 3, Shaw was advised by company personnel not to hire plaintiff because of the number of traffic violations on plaintiff's driving record. Shaw telephoned plaintiff on May 27 and told him that he would not be hired because of the traffic violations. Plaintiff then attempted to retain his job with Qualex; however, he was informed that his job had been filled. Plaintiff worked for Qualex through May

---

1. For the purposes of this motion, defendant does not contest plaintiff's version of the facts.

*Def.Mem. In Support Of Mot. For Sum.Judg.,* at 2 n. 2.

31, at which time his employment was terminated.

Plaintiff thereafter filed this action contending that he had entered into a contract of employment with defendant based on his acceptance of the May 23 offer, with the consideration being his reliance on defendant's promise to hire and his resignation of his job with Qualex, and that defendant breached this contract. Defendant has moved for summary judgment arguing two grounds: (1) that if it made an offer of employment, the offer was conditional and plaintiff did not fulfill the condition; and (2) if a contract existed between plaintiff and defendant, the contract was terminable at will and plaintiff may not recover for the termination of an at-will contract. In response, plaintiff contends that the employment offer was unconditional and that he is entitled to recover under the doctrine of promissory estoppel.

### III

■■■ Initially, without expressing an opinion on whether plaintiff satisfied the condition precedent requirement of presenting "satisfactory reference information," the Court finds that defendant is entitled to summary judgment on plaintiff's breach of contract claim because even assuming that plaintiff's acceptance of the job offer was sufficient to form a contract of employment, the contract was terminable at will. Under South Carolina law, an employer has the right, with certain specific exceptions not applicable here,[2] to terminate an individual employed for an indefinite period of time at will, unless the employee has provided independent consideration in addition to services rendered. *Small v. Springs Indus., Inc.*, 300 S.C. 481, 388 S.E.2d 808, 810 (1990) (*"Springs II"*); *Weber v. Perry*, 201 S.C. 8, 21 S.E.2d 193, 194 (1942). When an employer has the right to terminate at will, it may do so at any time, including the period after the employee has accepted an offer but before the employee begins work,

*Payne v. FMC Corp.*, 6 Indiv.Empl.Rights Cas. (BNA) 1138, 1141, 1991 WL 352415 (D.S.C.1991); "for any reason or for no reason at all," *Springs II*, 388 S.E.2d at 810; with or without cause, *Johnson v. American Ry. Express Co.*, 163 S.C. 191, 161 S.E. 473, 476 (1931); and the employer is not required to explain its decision to the employee. *Parker v. Southeastern Haulers Inc.*, 210 S.C. 18, 41 S.E.2d 387, 393 (1947). The termination of employment at will does not normally give rise to a cause of action for breach of contract. *Epps v. Clarendon County*, 304 S.C. 424, 405 S.E.2d 386, 387 (1991).

As noted, defendant offered plaintiff employment with the only term specified being plaintiff's hourly wage. Defendant did not provide plaintiff with any assurances of the duration of his employment and it did not provide plaintiff with any statements of company personnel policies. These facts establish that plaintiff's contract of employment was for employment at will. However, plaintiff's breach of contract claim is grounded on his reliance on defendant's employment offer and his resulting resignation of employment with Qualex. Thus, aside from his promissory estoppel argument (*see* Part IV *infra*), plaintiff apparently contends that the doctrine of employment at will is inapplicable in this case under the rule of law which provides:

> [W]here a contract of employment fails to specify the term of employment, the contract is terminable at the will of either the employer or the employee, *but with the qualification that if the employee in addition to contracting for the performance of services, gives to the employer some independent consideration, the contract will be held to be binding upon the employer for such period as can be found from the circumstances to have been in the contemplation of the parties.*

S.C. 481, 357 S.E.2d 452 (1987) (*"Springs I"*); and termination in violation of federal or state law. *See, e.g.,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.;* S.C.Code Ann. § 41–1–80 workers' compensation retaliation statute.

---

**2.** These exceptions include termination in violation of a clear mandate of public policy, *see, e.g., Ludwick v. This Minute of Carolina, Inc.,* 287 S.C. 219, 337 S.E.2d 213 (1985); termination in violation of an employer's express promise to its employees concerning discharge or discipline, *see, e.g., Small v. Springs Indus., Inc.,* 292

*Witte v. Brasington,* 125 F.Supp. 784, 786 (D.S.C.1952) (emphasis added). The Court finds this principle of law inapplicable to the facts of this case because plaintiff's alleged independent consideration (*i.e.,* detrimental reliance on the employment offer) is insufficient to alter the otherwise at-will employment contract.

This conclusion is compelled by the decisions in several cases, the most closely analogous being *Orsini v. Trojan Steel Corp.,* 219 S.C. 272, 64 S.E.2d 878 (1951). In *Orsini,* the plaintiff, who worked in and resided in Atlanta, Georgia, was offered and accepted "a lifetime job" with defendant in Columbia, South Carolina. The plaintiff resigned his job in Atlanta and moved his family and belongings to Columbia. The plaintiff's wife also resigned her job in Atlanta so that she could move to Columbia. After working for approximately two weeks, the plaintiff was discharged by the defendant. The plaintiff thereafter filed a breach of contract action and received a favorable verdict in the trial court. On appeal, the state supreme court reversed, holding that the plaintiff's employment was at will and that he did not provide sufficient independent consideration by resigning his job and moving from Atlanta to alter the at-will relationship. 64 S.E.2d at 879–80. *See also Lewis v. Finetex, Inc.,* 488 F.Supp. 12, 14 n. 1 (D.S.C. 1977) ("[n]or may it be plausibly argued that plaintiff's move from Tennessee to Greenville, South Carolina is such 'independent consideration' to remove this case from the operation of [the employment at-will] rule"); *Witte,* 125 F.Supp. at 787 (the plaintiff's refusal to accept other employment based on his employment with the defendant was insufficient independent consideration to alter the at-will employment). In light of these authorities, the Court concludes that plaintiff did not pro-

vide sufficient independent consideration to alter the at-will status of his employment.[3]

In short, the undisputed evidence in the record establishes that plaintiff's employment with defendant was to be for an indefinite duration which generally makes it terminable at will. Plaintiff does not contend that any of the above-noted exceptions to the employment at will doctrine operate to limit defendant's right to terminate him at will, and plaintiff has not offered sufficient independent consideration to modify the at-will relationship. Therefore, plaintiff's employment was terminable at will and defendant is entitled to summary judgment on the breach of contract claim.

**IV**

Plaintiff specifically pled in the Complaint only one cause of action: breach of contract. However, in response to defendant's motion, plaintiff changed the thrust of his claim from breach of contract to promissory estoppel, which is a separate legal theory from breach of contract. *Link v. School Dist. of Pickens County,* 302 S.C. 1, 393 S.E.2d 176, 179 (1990).[4] Defendant has not filed a reply memorandum to plaintiff's response and, consequently, has not addressed the issue of promissory estoppel. Although a party is generally not permitted to raise a new claim in response to a motion for summary judgment, *Taylor v. Canteen Corp.,* 789 F.Supp. 279, 285 (C.D.Ill.1992); the Court, in very liberally construing the Complaint, will give plaintiff the benefit of the doubt that he has pled a cause of action for promissory estoppel. Having done so, the Court concludes that defendant is entitled to summary judgment on plaintiff's promissory estoppel claim for the following reasons.

---

**3.** Moreover, even assuming that plaintiff provided sufficient independent consideration to modify the at-will nature of his contract, he has not established that his contract was to be for any specific duration or that defendant offered any term of employment which would serve to limit his at-will status. Therefore, this case differs from *Weber,* in which the South Carolina Supreme Court found that the employee's independent consideration served to modify his at-will

status. In *Weber,* the employment contract included a term requiring the employer to provide notice prior to terminating the employee and also limited the employer's right to terminate only for cause. 21 S.E.2d at 193.

**4.** Plaintiff did not indicate in his response to Local Rule 7.05 (D.S.C.) Interrogatories that his cause of action was based on promissory estoppel.

## A.

■ Promissory estoppel is an equitable doctrine, *Blanton Enters., Inc. v. Burger King Corp.*, 680 F.Supp. 753, 777 n. 24 (D.S.C.1988); which holds:

"[A]n estoppel may arise from the making of a promise, even though without consideration, if it was intended that the promise should be relied upon and in fact it was relied upon, and if a refusal to enforce it would be virtually to sanction the perpetration of fraud or would result in other injustice."

*Higgins Constr. Co. v. Southern Bell Tel. & Tel. Co.*, 276 S.C. 663, 281 S.E.2d 469, 470 (1981) (citation omitted). Four elements must be proven in order to establish a cause of action for promissory estoppel:

(1) the presence of a promise unambiguous in its terms; (2) reasonable reliance upon the promise by the party to whom the promise is made; (3) the reliance is expected and foreseeable by the party who makes the promise; and (4) the party to whom the promise is made must sustain injury in reliance on the promise.

*Powers Constr. Co. v. Salem Carpets, Inc.*, 283 S.C. 302, 322 S.E.2d 30, 33 (Ct. App.1984). "Promissory estoppel comes into play in situations where actual consideration is not present," and is thus "inapplicable in situations where a contract exists since a necessary element of a valid contract is consideration." *Glover v. Lockheed Corp.*, 772 F.Supp. 898, 907 (D.S.C. 1991); *see also Carlson v. Arnot–Ogden Memorial Hosp.*, 918 F.2d 411, 416 (3d Cir.1990) (relief under theory of promissory estoppel is "unwarranted" where a contract exists); *Booth v. Electronic Data Sys. Corp.*, 799 F.Supp. 1086, 1090 n. 2 (D.Kan.1992) (existence of at-will employment contract precludes promissory estoppel theory).

■ While the courts of South Carolina have applied promissory estoppel in several different contexts, the Court has not uncovered any decision in which the courts of this state have either expressly accepted or rejected the doctrine in circumstances similar to the facts of this case. Plaintiff, citing *Link*, argues that the South Carolina Supreme Court has impliedly recognized a cause of action for promissory estoppel in the employment context. While *Link* involved an appeal from a promissory estoppel verdict arising out of an employment termination, the court in *Link* was not faced with, and did not address, whether a cause of action for promissory estoppel is actionable either generally in the employment context or specifically under facts similar to those in this case. Thus, the Court does not believe that *Link* is necessarily controlling. *See Hutto v. Southern Farm Bur. Life Ins. Co.*, 259 S.C. 170, 191 S.E.2d 7, 8–9 (1972) ("It is ... settled law that 'a case cannot be considered as a binding precedent on a legal point that was not argued in the case and not mentioned in the opinion'" (citation omitted)). Nevertheless, because the South Carolina Supreme Court considers this state to be "a progressive state which wishes to see that both employer and employee are treated fairly," *Springs I*, 357 S.E.2d at 455; the Court believes that if confronted with the issue, the South Carolina Supreme Court would apply promissory estoppel in favor of an employee against his employer under the appropriate circumstances. In light of this, the Court must now determine whether it is appropriate to apply promissory estoppel in favor of a terminated employee who resigned prior employment based on his employer's promise of at-will employment and nothing more.[5]

Plaintiff relies on the decision of the Minnesota Supreme Court in *Grouse v. Group Health Plan*, 306 N.W.2d 114 (Minn.1981), a case with facts similar to this case, in arguing that an employee may base a promissory estoppel claim on a promise of at-will employment. In *Grouse*, the plaintiff resigned employment in reliance on the defendant's at-will employment offer, which was subsequently revoked af-

---

**5.** Obviously, in *Link,* the trial court applied promissory estoppel in the employment context. However, a review of *Link* indicates that the promissory estoppel claim was premised on the employer's alleged promise of a four-step termi-nation procedure in its handbook which, as noted, can in itself serve to alter an at-will employment contract. *See Link,* 393 S.E.2d at 177.

ter the plaintiff had accepted it but before he began to work for the defendant. The plaintiff filed suit and the trial court dismissed the action for failure to state a claim. On appeal, the state supreme court reversed. The court noted that "[o]n these facts no contract exists because due to the bilateral power of termination neither party is committed to performance and the promises are, therefore, illusory." 306 N.W.2d at 116. The court found, however, that promissory estoppel was applicable:

[W]e ... hold ... that under the facts of this case the appellant [plaintiff] had a right to assume he would be given a good faith opportunity to perform his duties to the satisfaction of respondent [the defendant] once he was on the job. He was not only denied that opportunity but resigned the position he already held in reliance on the firm offer which respondent tendered him.

*Id.*[6] Other courts have also held that promissory estoppel may be applicable under these circumstances. *See, e.g., Humphreys v. Bellaire Corp.*, 966 F.2d 1037, 1042 (6th Cir.1992) ("we conclude that reliance on a promise of permanent employment might be considered reasonable" for purposes of promissory estoppel);[7] *see generally* Annotation, *Employer's State-Law Liability For Withdrawing, Or Substantially Altering, Job Offer For Indefinite Period Before Employee Actually Commences Employment*, 1 A.L.R.5th 401, § 5(a) (1992).

However, numerous courts have reached a contrary result under these or similar circumstances. For example, in *Tatum v. Brown*, 29 N.C.App. 504, 224 S.E.2d 698 (1976), the plaintiff alleged that she resigned her employment in reliance on the defendant's offer of employment, which the court found to be for employment at will. The defendant thereafter revoked the offer after the plaintiff had accepted it but before she began to work for the defendant.

The court held that "the doctrine of promissory estoppel does not apply in this action for breach of employment contract." 224 S.E.2d at 699. Similarly, in *Dalton v. Union Bank of Switzerland*, 134 A.D.2d 174, 520 N.Y.S.2d 764 (1987), the plaintiff alleged that he resigned employment and began to work for the defendant based on an offer which the court found to be for employment at will. After the plaintiff had worked for the defendant for several months, the defendant terminated his employment. The court held that the plaintiff's cause of action failed to state a claim for promissory estoppel:

The fact that defendant promised plaintiff employment at a certain salary with certain other benefits, which induced him to leave his former job ... does not create a cause of action for promissory estoppel.

520 N.Y.S.2d at 766. Other courts have similarly ruled. *See, e.g., Abbot v. Gale*, 896 F.2d 323, 326 (8th Cir.1990) (affirming dismissal of promissory estoppel claim where the evidence failed to demonstrate a promise of employment for a specified period); *Pancza v. Remco Baby, Inc.*, 761 F.Supp. 1164, 1172 (D.N.J.1991) ("Pancza's allegations that Remco promised him lifetime employment and lured him away from his prior employer fail to state a cause of action for promissory estoppel"); *Simmons v. John F. Kennedy Med. Center*, 727 F.Supp. 440, 443–44 (N.D.Ill.1989) (dismissing claim for promissory estoppel because "the offer [of employment] did not contain any promise to retain Simmons for a stated duration"); *Monkelis v. Scientific Sys. Servs., Inc.*, 677 F.Supp. 378, 383–84 (W.D.Pa.1988) (granting summary judgment on promissory estoppel claim because "[t]here is not ... evidence from which a jury could rationally infer that the position was for a fixed duration"); *Pranzo v. ITEC, Inc.*, 521 So.2d 983, 984–85 (Ala.

---

**6.** The court further held that the measure of damages the plaintiff could recover "is not so much what he would have earned from respondent as what he lost in quitting the job he held...." 306 N.W.2d at 116.

**7.** In *Humphreys*, the Sixth Circuit, interpreting Ohio law, overruled three prior decisions in that

circuit which had found under Ohio law that reliance on a promise of employment at-will was unreasonable as a matter of law. 966 F.2d at 1042; *see Fallis v. Pendleton Woolen Mills, Inc.*, 866 F.2d 209 (6th Cir.1989); *Meredith v. Rockwell Int'l Corp.*, 826 F.2d 463 (6th Cir.1987); *Hawley v. Dresser Indus., Inc.*, 737 F.Supp. 445 (S.D.Ohio 1990) (all overruled).

1988) (summary judgment affirmed on promissory estoppel claim where claim was based on promise that employee would "never be fired" so long as he did the job properly); *Vancheri v. GNLV Corp.*, 105 Nev. 417, 777 P.2d 366, 369 (1989) ("In order for GNLV to be held liable based upon promissory estoppel, Vancheri must have shown that GNLV's conduct expressed an intention to create something other than an at-will employee relationship"); *see generally* Annotation, *supra*, at § 5(b).[8] These courts generally have denied claims for promissory estoppel for either or both of two reasons: (1) a promise of at-will employment is not an unambiguous promise for purposes of the cause of action, *see, e.g., Taylor*, 789 F.Supp. at 285–86; *Simmons*, 727 F.Supp. at 443–44; or (2) reliance on a promise of at-will employment is unreasonable. *See, e.g. Schleig*, 698 F.Supp. at 1249; *Pranzo*, 521 So.2d at 985.

Two decisions of the Fourth Circuit are instructive on this point. In *Page v. Carolina Coach Co.*, 667 F.2d 1156 (4th Cir. 1982) (applying Maryland law), the plaintiff alleged that the defendant induced him to leave a nonmanagement position for a management position, thereby relinquishing his union status. Subsequently, the defendant terminated the plaintiff and the plaintiff filed suit, contending that he had a contract for lifetime employment based on an alleged promise to that effect by the defendant. The Fourth Circuit rejected the plaintiff's promissory estoppel claim based on its determination that the plaintiff was an at-will employee and that the defendant had not made a specific promise of employment for lifetime employment. 667 F.2d at 1158. In *Reamer v. United States*, 532 F.2d 349 (4th Cir.1976), the plaintiff, relying on provisions of a military enlistment contract, claimed that the government promised to delay his period of active military duty until after he had finished a semester of school. The specific provision of the contract upon which the plaintiff relied stated: "Delayed from entry on ... active duty until 1 Feb. 69." 532 F.2d at 350. There was evidence in the record that the plaintiff had been told on two occasions that final permission for the delay needed to be given from higher authority. Nevertheless, the plaintiff, relying on this alleged promise, enrolled in law school and incurred expenses related to his studies. During the semester, however, the plaintiff was called up for active duty. In his lawsuit against the government, the plaintiff asserted a claim for promissory estoppel against the government, which the Fourth Circuit rejected, finding that "the plaintiff could not reasonably have relied on the statement [in the contract] after he had been twice told that permission for the delay must come from higher authorities." 532 F.2d at 352.[9]

After carefully reviewing these and other authorities, the Court concludes that it would be inappropriate to apply promissory estoppel in this case. The Court bases this conclusion on the fact that a promise of employment for an indefinite duration with no restrictions on the employer's right to terminate is illusory since an employer who promises at-will employment has the right to renege on that promise at any time for any reason. "A determining factor in deciding whether to enforce a promise under the theory of promissory estoppel is the reasonableness of the promisee's reliance." *Storms v. Goodyear Tire & Rubber Co.*, 775 F.Supp. 862, 868 (D.S.C.1991). The Court finds that reliance on a promise consisting solely of at-will employment is un-

---

8. *See also Stedillie v. American Colloid Co.*, 967 F.2d 274, 279 (8th Cir.1992); *Taylor*, 789 F.Supp. at 285–86; *Gries v. Zimmer, Inc.*, 709 F.Supp. 1374, 1384–85 (W.D.N.C.1989); *Schleig v. Communications Satellite Corp.*, 698 F.Supp. 1241, 1248–49 (M.D.Pa.1988); *Rice v. Rent–A–Center of Am., Inc.*, 664 F.Supp. 423, 428 (N.D.Ind.1987); *Forstmann v. Culp*, 648 F.Supp. 1379, 1384 & n. 4 (M.D.N.C.1986); *Corum v. Farm Credit Servs.*, 628 F.Supp. 707, 715–16 (D.Minn.1986).

9. Moreover, in two unpublished opinions, the Fourth Circuit has expressly rejected promissory estoppel in cases involving facts identical in material respects to those of this case. *See Greene v. National Car Rental Sys., Inc.*, 977 F.2d 572 (Table) (4th Cir.1992) (applying Maryland law) (text available on Westlaw); *Constantino v. Jaycor*, 816 F.2d 671 (Table) (4th Cir. 1987) (text available on Westlaw) (applying Virginia law). The Court recognizes the limited precedential value of these opinions. *See* 4th Cir. I.O.P. 36.6.

reasonable as a matter of law since such a promise creates no enforceable rights in favor of the employee other than the right to collect wages accrued for work performed. *Colosi v. Electri–Flex Co.,* 965 F.2d 500, 504 (7th Cir.1992). Therefore, because plaintiff cannot establish an essential element of his cause of action for promissory estoppel, the Court will grant summary judgment in favor of defendant on this claim.

The Court notes the apparent harshness of this ruling, the result of which is that an employee who resigns one job for other at-will employment does so at his peril. However, to hold otherwise would create an anomalous result and would undermine the doctrine of employment at-will in this state. If an employee such as plaintiff is permitted to recover damages from a potential employer that breaks a promise of at-will employment before the employee begins to work, then the employee would be placed in a better position than an employee whose at-will employment is terminated at some point after he begins working since the courts of this state have expressly denied recovery on many occasions in the latter situation. Promissory estoppel should be construed "in such a way that it compliments, rather than undermines, traditional contract principles." *Blanton Enters., Inc.,* 680 F.Supp. at 775. The Court's ruling today is entirely consistent with the law of employment at will in this state:

> "Because the actual employment was terminable at will, it would be illogical to hold ... that somehow the offer of such employment was not terminable at will. It would be absurd to require an employer, which had changed its mind after an offer had been made, to actually employ the applicant for one hour or one day so that the employee could then be discharged....
>
> [T]he doctrine of free terminability draws no distinction between the offer of employment and the actual act of employment."

*Payne,* 6 Indiv. Empl. Rights Cas. (BNA) at 1141 (quoting *Sartin v. Mazur,* 237 Va. 82, 375 S.E.2d 741, 743 (1989)).

## B.

Assuming that promissory estoppel is applicable in this case, the Court concludes that defendant is still entitled to summary judgment on the promissory estoppel claim. Plaintiff may recover for promissory estoppel only if his acceptance of the employment offer was insufficient to form a contract since as noted, promissory estoppel is inapplicable where a contract exists. The only apparent impediment to the creation of a contract in this case is the alleged conditional nature of the offer. In response to the motion, plaintiff expressly states his position on this matter: "Plaintiff denies that there were any conditions to the offer of employment." *Pl. Response to Def.Mot. for Sum.Judg.,* at 2. Plaintiff further states that "there were no conditions when he was hired." *Id.* at 3. In other words, plaintiff strongly contends that his acceptance of the offer formed a contract of employment.

The employer-employee relationship is contractual, *Alewine v. Tobin Quarries, Inc.,* 206 S.C. 103, 33 S.E.2d 81 (1945); even where the relationship is for employment at will. *Glover,* 772 F.Supp. at 907; *see also Colosi,* 965 F.2d at 504 ("Employment at will is a contractual relationship,"); *Vancheri,* 777 P.2d at 369 ("Employment 'at will' is a contractual relationship and thus governed by contract law"); *cf. Todd v. South Carolina Farm Bur. Mut. Ins. Co.,* 283 S.C. 155, 321 S.E.2d 602, 607 (Ct. App.1984), *quashed in part on other grounds,* 287 S.C. 190, 336 S.E.2d 472 (1985) (holding that a cause of action for intentional interference with contractual relations exists to redress interference with an at-will employment relationship). Therefore, assuming that plaintiff's acceptance of the offer was, as he contends, sufficient to create a contract of employment, then the formation of this contract renders promissory estoppel inapplicable. Conversely, assuming that plaintiff's acceptance of the offer was not sufficient to create an enforceable contract due to an unfulfilled condition, then plaintiff's detrimental reliance on this promise would unquestionably be unreasonable as a matter of law. *See Reamer,* 532 F.2d at 352; *see*

also *Blanton Enters., Inc.,* 680 F.Supp. at 776 ("plaintiff could not have reasonably relied on oral promises ... when the facts and circumstances demonstrated unequivocally that the parties intended to be bound only by a signed writing"). For these reasons, defendant is entitled to summary judgment on the promissory estoppel claim.

## V

Based on the foregoing, the Court hereby ORDERS that defendant's motion for summary judgment be GRANTED and that judgment be ENTERED accordingly.

IT IS SO ORDERED.