Virginia SAKELARIS, Barbara Morris, Eva Mae Hoover, Sherry Thompson, Jacqueline Hightower, Peggy Hannon, Carolyn M. Mitchell, Julie Bradley, Elaine K. Wilson, Myra Hall, Frances K. Kirby, Alvendia Lee Talley, Marie Lucette Matheson, Peggy M. Brown, Polly Ann Booker, Patsy E. Reece, Robin Jenkins, Jacqueline V. Timmons, Shirley Seay, Gloria Gann, Patricia Kilgore, Kathyrn M. Stroble, Rene M. Parris, Marci A. Coleman, Patricia Tesseniar, Dolores A. Samuel, Deborah H. McClary, Gloria Bentley, Rosa S. Poole, Susan A. Lyda, Paul J. Belden, Pauline Anderson, Darlene Haywood, Dixie Sigmon, Carolyn Cooley, Patricia Embry, Nancy L. Cassel, Joan Rampey, Vicky Parris, Janie R. Byrd, Lisa B. Phillips, W. Anthony Burns, Dottie S. Scott, Patti C. Hall, Betty J. Johnson, Lynn M. Kuether, Beulah "Deen" Hall, Joyce Byrd, Sarah King, Judith Hembree, Diane Roberts, Ruby Robinson, Margaret Floyd, Gloria Fleming, Barbara Smith, Shirley Coleman, Janice Booker, Maurisson Barnette, Bonita Shelton, Kathleen Cudd, Sherry Spake, Helen Lancaster, and Jan Sneed, as Representatives of Employees of Rice/Maddox Partnership at Doctors Hospital, Plaintiffs,

v.

**RICE/MADDOX PARTNERSHIP,** Jack V. Rice, and Ronald Maddox, Defendants.

Civ. A. No. 7:94–2744–20.

United States District Court, D. South Carolina, Spartanburg Division.

May 3, 1995.

John A. Hagins, Jr., Greenville, SC, for plaintiffs.

Elizabeth M. McMillan, Columbia, SC, and Thomas L. Stephenson, Greenville, SC, for defendants.

## ORDER

HERLONG, District Judge.

This matter is before the court on the motion of the defendants Rice/Maddox Partnership ("Rice/Maddox"), Jack V. Rice ("Rice"), and Ronald Maddox ("Maddox"), for summary judgment. The plaintiffs are all former employees of Doctors Memorial Hospital ("DMH"). DMH rented the land and hospital building from Rice/Maddox, whose partners were Rice and Maddox. In May 1994, the management of DMH announced that the hospital would close on July 31, 1994. At the same time, it informed its employees that Rice/Maddox planned to continue operating a hospital at the premises after July 31, 1994. Rice/Maddox then began to search for another hospital to buy or lease the facilities, or for a management company to run the hospital. During that time period, Rice allegedly told the employees not to look for other jobs. On July 26, 1994, Rice/Maddox informed the employees that the hospital would in fact close on July 31. The plaintiffs then brought this action alleging breach of contract, promissory estoppel, fraud, and violations of the South Carolina Unfair Trade Practices Act ("SCUTPA"). The defendants have moved for summary judgment on all claims.

■ The defendants deny that any contract for employment existed. However, they correctly point out that even if the parties entered a contract for employment, it was terminable at the will of either party unless the plaintiffs gave independent consideration to bind the defendants for a certain duration. *See White v. Roche Biomedical Lab., Inc.*, 807 F.Supp. 1212, 1215 (D.S.C. 1992) (applying South Carolina law), *aff'd*, 998 F.2d 1011 (4th Cir.1993). The court finds that there was no independent consideration sufficient to alter the at-will relationship. *See Witte v. Brasington*, 125 F.Supp. 784 (E.D.S.C.1952) (holding that the plaintiff's refusal of other job opportunities was not sufficient independent consideration).

■ In their memorandum in opposition to summary judgment, the plaintiffs concede that the defendants did not breach an employment contract.[1] Rather, they contend that the defendants breached their promise to employ the plaintiffs, which is separate from the employment contract itself. The plaintiffs rely on *Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264 (9th

---

1. This appears to be a new theory for the plaintiffs, as they previously contended in response to discovery requests that "Plaintiffs were all employed to commence work on August 1, 1994." (*See* Defs.' Reply Pls.' Mem.Opp'n Defs.' Mot. Summ.J.Ex. A at 2.)

Cir.1990), which held that whether the ultimate employment would have been at will is immaterial to the analysis of whether the contract was breached before employment began. *Id.* at 1270. This court, however, declines to make the distinction made by the *Comeaux* court. As stated by the court in *Payne v. FMC Corp.*, 6 Indiv.Empl.Rights Cas. (BNA) 1138, 1991 WL 352415 (D.S.C. 1991):

> A contrary holding would require the employer to allow the prospective employee to work for some insignificant amount of time before the employer could then exercise its right to terminate the employment relationship. Such a holding would not only be inconsistent with the doctrine of at-will employment, but it would also require a futile act on the part of the employer.

*Id.* at 1141 (considering facts where defendant made an offer of employment and then withdrew the offer before the plaintiff began work). " 'In this case, there was merely an unfulfilled promise to give employment which was revocable at will by the employer.' " *Id.* (quoting *Sartin v. Mazur*, 237 Va. 82, 375 S.E.2d 741, 743 (1989)). Accordingly, the court finds that the defendants are entitled to summary judgment on the breach of contract claim.

Next, the defendants seek summary judgment on the plaintiffs' promissory estoppel claim. To prevail on a claim for promissory estoppel, the plaintiffs must show: (1) the presence of a promise unambiguous in its terms; (2) that they reasonably relied upon the promise; (3) that the reliance was expected and foreseeable by the defendants; and (4) that the plaintiffs sustained injury in reliance on the promise. *See White v. Roche Biomedical Lab., Inc.*, 807 F.Supp. 1212, 1217 (D.S.C.1992), *aff'd*, 998 F.2d 1011 (4th Cir.1993). Reliance on a promise consisting solely of at-will employment is unreasonable as a matter of law. *Id.* at 1220 (considering facts where defendant made an offer of employment and then withdrew the offer before plaintiff began work). Therefore, the plaintiffs cannot establish an essential element of their case for promissory estoppel.

The plaintiffs urge the court to follow *Bower v. AT & T Technologies, Inc.*, 852 F.2d 361 (8th Cir.1988). In *Bower*, the Eighth Circuit distinguished between the case in which an employee is hired and then immediately terminated and the case in which a potential employee is prevented from assuming a promised at-will position. *Id.* at 364. Again, however, the court sees this as a distinction without a difference. The court finds the *White* court's well-reasoned opinion applying South Carolina law to be persuasive. As the *White* court noted, while the result appears harsh, a contrary ruling would undermine the doctrine of employment at will in South Carolina. *White*, 807 F.Supp. at 1220.

The defendants next seek summary judgment on the plaintiffs' claim for fraud. To prevail on a cause of action for fraud under South Carolina law, the plaintiffs must show: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) his intent that it should be acted upon by the hearer; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. *Smyth v. Fleischmann*, 214 S.C. 263, 52 S.E.2d 199, 202 (1949). The defendants point out that the plaintiffs have submitted no evidence of any false statement made by the defendants or of the defendants' knowledge of the falsity. In contrast, defendant Rice has submitted an affidavit stating that he intended to sell, lease, or operate the hospital, and that he spent much time and money trying to keep the hospital in operation. (Rice Aff. ¶ 11.) The plaintiffs, relying on *Smyth*, base their fraud claim solely on the allegation that the defendants "probably had the ulterior purpose of maintaining an ongoing enterprise for potential purchasers and thereby preventing plaintiffs from obtaining other work." (Pls.' Mem.Opp'n Defs.' Mot.Summ.J. at 13.) The court finds that this allegation alone is insufficient as a matter of law to prove fraud.

Finally, the defendants seek summary judgment on the plaintiffs' claim for violations of SCUTPA on the ground that SCUTPA does not apply to employer-employee relations. *See Miller v. Fairfield Communities, Inc.*, 299 S.C. 23, 382 S.E.2d

16, 20 (Ct.App.1989), *cert. dismissed,* 302 S.C. 518, 397 S.E.2d 377 (1990). The court finds that *Miller* is controlling, as the plaintiffs' lawsuit arises out of the defendants' failure to employ them. Accordingly, the defendants' motion for summary judgment on the SCUTPA claim should be granted.

In light of its conclusions on the issues discussed above, the court does not reach the defendants' claim that Rice/Maddox, Inc., rather than the named defendants, is the proper party.

For all of the foregoing reasons, it is

**ORDERED** that the defendants' motion for summary judgment is hereby granted.

**IT IS SO ORDERED.**