2439

Richard J. DAVENPORT, Appellant v. ISLAND FORD, LINCOLN, MERCURY, INC., and Gaylon T. Peters, Individually, Respondents.

(465 S.E. (2d) 737)

Court of Appeals

*Barry L. Johnson, Biel, Clark & Johnson,* Hilton Head Island, *for appellant.*

*William M. Bowen,* Hilton Head Island, *for respondents.*

Heard Dec. 6, 1995.

Filed Dec. 28, 1995.

GOOLSBY, Judge:

Richard J. Davenport sued Island Ford, Lincoln, Mercury,

Inc. and Gaylor T. Peters, individually, alleging breach of an employment contract, promissory estoppel, and violation of the South Carolina Unfair Trade Practices Act (UTPA). The defendants moved for summary judgment as to all claims, and the trial court granted the motion. Davenport appeals. We affirm in part, reverse in part, and remand.

The evidence, viewed in the light most favorable to Davenport, shows the following. Peters was an employee of Arnold Palmer Ford-Lincoln-Mercury, Inc. In 1990, Peters approached Davenport on behalf of Arnold Palmer Ford to seek help in rejuvenating a failing Ford dealership in Bluffton, South Carolina. Peters convinced Davenport to leave his employment in Florida and move to South Carolina to manage Arnold Palmer Ford. Peters promised Davenport employment for life if the dealership became profitable. Through Davenport's efforts, Arnold Palmer Ford began to become profitable. In July 1991, Peters formed Island Ford, purchased the dealership from Arnold Palmer Ford, and, after a dispute over compensation, fired Davenport.

## I.

Davenport first argues the trial court erred in granting summary judgment on his breach of contract action.

Specifically, Davenport claims the trial court erred in concluding as a matter of law that he was an at-will employee and argues there was evidence of independent consideration apart from services rendered that sufficiently raised a jury question as to whether the parties modified the traditional notions of at-will employment. We agree.

A trial court may not properly grant summary judgment unless there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56, SCRCP; *Smith v. T.H. Snipes & Sons*, 306 S.C. 289, 411 S.E. (2d) 439 (1991). For summary judgment to be granted, it must be perfectly clear that no issue of fact is involved. *Piedmont Engineers, Architects and Planners, Inc. v. First Hartford Realty Corp.*, 278 S.C. 195, 293 S.E. (2d) 706 (1982).

In *Orsini v. Trojan Steel Corp.*, 219 S.C. 272, 64 S.E. (2d) 878 (1951), our supreme court stated,

> The general rule is that under ordinary circumstances a contract to furnish employment permanently, or so long as the employee's services shall be properly performed, or for a similar indefinite period, is no more than an indefinite hiring, terminable at the will of either party, and is therefore unenforceable as to its duration.

*Id.* at 276, 64 S.E. (2d) at 879. This rule does not apply, however, where the employee has given a good consideration in addition to the services rendered. *Orsini, supra; Weber v. Perry,* 201 S.C. 8, 21 S.E. (2d) 193 (1942).

In *Weber,* the defendant induced the plaintiff to abandon an established business in Michigan and move his family to South Carolina to undertake management and development of a large plantation. The supreme court agreed with the circuit court that the abandonment of the business constituted such an independent consideration as to take the case out of the general rule regarding employment contracts of indefinite duration and to render the contract enforceable.

In *Orsini,* the plaintiff argued he had given independent consideration in that he gave up a satisfactory position in Atlanta with a responsible company, he moved his family from Atlanta to Columbia, his wife relinquished her job in Atlanta, he gave up his home in Atlanta, and his family gave up their school, church, friends, and social affiliations. The supreme court held this was insufficient independent consideration to take the case out of the general rule. In so holding, the supreme court pointed out that Orsini's employment in Atlanta was terminable at will, as was that of his wife, and added,

> The giving up of friends, church, social and school connections are such as every employee is faced with when moving from one town to another or possibly from one part of a city to another and is not sufficient independent consideration to take the case out of the general rule.

219 S.C. at 278, 64 S.E. (2d) at 880.

Here, immediately prior to working for Arnold Palmer Ford, Davenport had been working as an at-will employee for Crystal Chevrolet Motor Car Company at Crystal River, Florida for about six months. He also testified, however, that he earned self-employment income as a buyer for dealerships

other than Crystal Chevrolet. Although Davenport admitted this supplemental income was not his primary income, we find the issue of whether his abandonment of that "established business" rose to the level of independent consideration is at least a genuine issue of material fact.

## II.

Davenport also argues the trial court erred in concluding, as a matter of law, the UTPA does not apply to the facts of this case. We find no error.

The UTPA does not apply to acts that take place in an employer-employee relationship. *Miller v. Fairfield Communities, Inc.*, 299 S.C. 23, 382 S.E. (2d) 16 (Ct. App. 1989). Davenport argues that our holding in *Miller* applies only to at-will employment relationships, but our holding in that case did not depend on Mr. Miller's at-will employment status. Rather, we held the employer-employee relationship does not fall within the intended scope of the UTPA because employment practices fall within the purview of other statutes adopted for that express purpose. Statutes regulating unfair or deceptive employment practices apply equally to all employees, regardless of at-will status. *See* 14 S.C. Juris. *Labor Relations* § 19 at 124 (1992) (outlining various state labor and employment laws enforced by the South Carolina Department of Labor). We therefore decline Davenport's request that this court limit application of *Miller* to at-will employment situations.

## III.

Davenport finally argues the trial court erred in concluding Davenport as a matter of law did not have an oral stock purchase agreement with Island Ford because (1) no privity of contract existed between the parties and (2) Davenport waived any right he had in connection with the oral stock option.

Assuming without deciding Davenport was in privity with Island Ford and did not waive any right he may have had to purchase stock in the company, we affirm the trial court's holding that Davenport did not have an oral stock purchase agreement with Island Ford on the ground that any such oral agreement would violate the statute of frauds. *See* Rule

220(c), SCACR ("The appellate court may affirm . . . upon *any ground(s)* appearing in the Record on Appeal."). (Emphasis added.)

S.C. Code Ann. § 36-8-319 (Supp. 1994) provides, in relevant part,

> A contract for the sale of securities is not enforceable by way of action or defense unless:
>
> (a) there is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker, sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price;
>
> (b) delivery of a certificated security or transfer instruction has been accepted, or transfer of an uncertificated security has been registered and the transferee has failed to send written objection to the issuer within ten days after receipt of the initial transaction statement confirming the registration, or payment has been made but the contract is enforceable under this provision only to the extent of the delivery, registration, or payment;
>
> (c) within a reasonable time a writing in confirmation of the sale or purchase and sufficient against the sender under paragraph (a) has been received by the party against whom enforcement is sought and he has failed to send written objection to its contents within ten days after its receipt; or
>
> (d) the party against whom enforcement is sought admits in his pleading, testimony, or *otherwise in court* that a contract was made for sale of a stated quantity of described securities at a defined or stated price.

(Emphasis added.) Davenport proffered no evidence that would bring him within subsections (a), (b), or (c) of the statute.

As for subsection (d), although Davenport proffered testimony concerning Peters's *out-of-court* admissions, such testimony is insufficient to avoid the statute of frauds. *See Swink & Co. v. Carroll McEntee & McGinley, Inc.*, 266 Ark. 279, 584 S.W. (2d) 393 (1979) (tape recordings of a conversation concerning details of a securities transaction,

since they were *out-of-court* statements, could not constitute an admission or testimony in court; therefore, they were not evidence sufficient to avoid the statute of frauds applicable to purchases and sales of investment securities). Accordingly, the trial court's summary judgment against Davenport on his oral stock option claim is affirmed.

Affirmed in part, reversed in part, and remanded.

HOWELL, C.J., and CURETON, J., concur.