BENCH MEMORANDUM

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Mike White,       
Appellant,
 
 
 

v.

 
 
 
IH Services, Inc.,       
Respondent.
 
 
 

Appeal from Greenville County
Charles B. Simmons, Jr., Circuit Court 
 Judge

Memorandum Opinion No. 2004-MO-022
Heard March 16, 2004 - Filed May 17, 
 2004

AFFIRMED

 
 
 
W. Andrew Arnold, of Arnold & Arnold, of Greenville, for Appellant.
Thomas L. Stephenson, of Nexsen, Pruet, Jacobs & Pollard, of Greenville, 
 for Respondent.
 
 
 

PER CURIAM:  Affirmed 
 pursuant to Rule 220(b)(1), SCACR, and the following authorities: Issue 1: 
 Curtis v. State, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001) (citing 
 Mathis v. South Carolina State Hwy. Dept., 260 S.C. 344, 347, 195 S.E.2d 
 713, 715 (1973)) (a case becomes moot when judgment, if rendered, will not have 
 a practical legal effect on the existing controversy); Issue 2: Crandall 
 Corp. v. Navistar Intl Transp. Corp., 302 S.C. 265, 266, 395 S.E.2d 179, 
 180 (1990) (to recover for intentional interference with prospective contractual 
 relations, plaintiff must prove the defendant intentionally interfered for an 
 improper purpose or by improper methods, causing injury to the plaintiff); 
 see United Educ. Distrib., LLC v. Educ. Testing Serv., 350 S.C. 7, 
 14, 564 S.E.2d 324, 328 (Ct. App. 2002) (action does not lie when there is no 
 evidence to suggest any purpose or motive other than the defendants proper 
 pursuit of his own contractual rights with a third party); Centel Cellular 
 Co. v. Light, 899 S.W.2d 343, 345-46 (Tex. Ct. App. 1995) (acts associated 
 with enforcing what the employer assumed was a valid non-compete agreement are 
 insufficient to support a claim); Luketich v. Goedecke, Wood & Co., Inc., 
 835 S.W.2d 504, 508-09 (Mo. Ct. App. 1992) (employer justified in attempting 
 to enforce the agreement since employer had a reasonable, good faith belief 
 that the agreement was valid); Issue 3: Davenport v. Island Ford, 
 Lincoln, Mercury, Inc., 320 S.C. 424, 428, 465 S.E.2d 737, 740 (Ct. App. 
 1995) (citation omitted) (South Carolina Unfair Trade Practices Act does not 
 apply to disputes arising out of the employer-employee relationship). 
TOAL, C.J., MOORE, WALLER, 
 BURNETT and PLEICONES, JJ., concur.