This is an appeal from summary judgment on a claim of (1) fraud, (2) breach of contract, (3) promissory estoppel, (4) breach of covenant of good faith and fair dealings, and (5) wrongful termination of employment.
Before moving to Huntsville, Alabama, the plaintiff Tony Pranzo, resided and worked in Connecticut. Pranzo circulated his resumé in an attempt to find employment and was subsequently contacted by Jack Adams, personnel official for the appellee, ITEC, Inc. Pranzo alleges that while discussing the possibility of his moving to Huntsville to work for ITEC, that Adams made the following statement to him: "If you are competent and do the job, you will never be fired." The plaintiff argues that he relied on this representation and moved to Huntsville. He admits that *Page 984 
before beginning work with ITEC he was required to sign a document that stated:
 I understand and agree that my employment is for no definite period and may, regardless of the date of payment of wages and salary, be terminated at any time without any previous notice.
Nevertheless, Pranzo sued, contending that he was wrongfully terminated from ITEC's employment. The trial judge granted summary judgment on all claims, and Pranzo appeals. We agree with the trial court and affirm its judgment.
 The standard of review applicable to this case is well established. See Rule 56(c), Ala.R.Civ.P. In this case, summary judgment for the defendant would be proper if it clearly appears that there is no evidence as to an essential element of plaintiff's cause of action. If there is any evidence tending to establish each element of the cause of action, then summary judgment would be inappropriate. In determining whether there is evidence to support each element — i.e., to raise a genuine question of fact as to whether that element exists — this Court must review the record in a light most favorable to the plaintiff and resolve all reasonable doubts against the defendant. Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784, 786 (Ala. 1981); Autrey v. Blue Cross Blue Shield of Alabama, 481 So.2d 345 (Ala. 1985); Burt v. Commercial Union Insurance Co., 489 So.2d 547 (Ala. 1986).
Harbison v. Albertville Nat. Bank, 495 So.2d 1084, 1085 (Ala. 1986).
Considering the evidence in the light most favorable to Pranzo, we find that negotiations for Pranzo's employment with ITEC began in early December 1985, when Jack Adams flew to Connecticut to meet with him. It was during this trip that Adams allegedly made the statement "If you are competent and do the job, you will never be fired." During this trip, no offer was officially extended to Pranzo. Over the next few weeks, Pranzo himself admits, he offered several alternative contracts regarding his job security. All of these alternatives were rejected by ITEC. In late December, Pranzo and his wife visited Huntsville to further discuss his possible employment with ITEC. While there, Pranzo did not discuss with Adams's supervisors the statement allegedly made in Connecticut, nor did he attempt to clarify with Adams himself the meaning of the statement.
In late January 1986, Pranzo and Adams negotiated Pranzo's salary and, in a confirmation letter mailed to him, references were made regarding reimbursement of expenses to ITEC in the event that Pranzo should terminate employment within two years. Again, Pranzo discussed with Adams the possibility of an employment contract that provided for severance pay in the event of the termination of his employment with ITEC. His suggestions were rejected. Thereafter, Pranzo accepted employment and moved his family to Huntsville. Once there, he was required to execute the document containing the employment-at-will clause set out above.
In order to prove the appellant's claim of fraud, he must set forth evidence of each element of fraud, as defined below:
 "Fraud" is defined as (1) false representation (2) of a material existing fact (3) relied upon by the plaintiff (4) who was damaged as a proximate result of the misrepresentation. Earnest v. Pritchett-Moore, Inc., 401 So.2d 752 (Ala. 1981). If fraud is based upon a promise to perform or abstain from performing in the future, two additional elements must be proved: (1) the defendant's intention, at the time of the alleged misrepresentation, not to do the act promised, coupled with (2) an intent to deceive. Clanton v. Bains Oil Co., 417 So.2d 149 (Ala. 1982).
Coastal Concrete Co. v. Patterson, 503 So.2d 824, 826 (Ala. 1987). The evidence clearly shows that Pranzo repeatedly pressed for a specified term of employment and that each time his proposal was rejected by ITEC. There is not a scintilla of evidence to indicate that he relied on Adams's statement in considering a move to Huntsville, especially in light of the alternative contracts that he himself admits *Page 985 
he offered to ITEC during employment negotiations. Furthermore, assuming arguendo, that he did rely on that one statement, then there is no evidence that such reliance was reasonable.
 Because it is the policy of courts not only to discourage fraud but also to discourage negligence and inattention to one's own interests, the right of reliance comes with a concomitant duty on the part of the plaintiffs to exercise some measure of precaution to safeguard their interests. In order to recover for misrepresentation, the plaintiffs' reliance must, therefore, have been reasonable under the circumstances.
Torres v. State Farm Fire Cas. Co., 438 So.2d 757, 758-59
(Ala. 1983). Pranzo's repeated requests for job security and the rejection of these requests by ITEC refute his argument that he relied on one statement allegedly made prior to the rejection of his proposals. Therefore, Pranzo's claims of fraud and promissory estoppel were properly resolved by the court below. Furthermore, we note that the execution of the employment application containing the employment-at-will clause prior to beginning his job is additional evidence that Pranzo could not justifiably have relied on Adams's alleged statement. See Shelby v. Zayre Corp., 474 So.2d 1069, 1071 (Ala. 1985).
With regard to Pranzo's arguments that ITEC breached its covenant or contract with him and that he was wrongfully terminated, we likewise find no error. Pranzo executed the document with the employment-at-will clause in it before beginning work at ITEC. Therefore, "[any oral agreements] would have merged into the subsequent written employment contract."Harbison, supra, at 1086, citing Guilford v. Spartan FoodSystems, Inc., 372 So.2d 7 (Ala. 1979). Because "[a]n at will employment contract is terminable by either party for a good reason, a bad reason, or no reason at all," Hall v. IntegonLife Ins. Co., 454 So.2d 1338 (Ala. 1984), citing Bates v. JimWalter Resources, Inc., 418 So.2d 903, 905 (Ala. 1982), we are constrained to uphold the circuit court's judgment on Pranzo's claims.
For the reasons stated above, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.