The plaintiff in this case, James Condelles, accepted a job offer from the defendant, Alabama Telecasters, Inc., d/b/a WAKA-TV ("WAKA"). Condelles was hired to be a weekday news reporter and the weekend anchorman for WAKA, a Montgomery television station. After he began working for WAKA in January 1986, Condelles signed a contract containing a noncompetition clause. In March 1986, Condelles was fired by Frank Morock, the general manager and news director of WAKA. The parties dispute the reason for the firing, but the reason is not pertinent to this appeal.
After he was fired, other local stations refused to hire Condelles due to the existence of the noncompetition agreement. (He was hired by WHNT-TV in Huntsville in June 1986.) Condelles filed this action against WAKA, Morock, and Lorraine Lancaster, senior vice-president of Alabama Telecasters, seeking damages for breach of contract and fraud. In short, Condelles contended that he had a one-year employment contract with WAKA and that he was fired in violation of it. He also claimed that the defendants had misrepresented to him that he would be the anchorman of their weekend news broadcast and that they had misrepresented to him that the noncompetition agreement would not apply unless he left of his own accord. The trial judge granted the defendants' motion for summary judgment and denied Condelles's subsequent motion to alter, amend, or vacate that judgment. Condelles then brought this appeal.
Our rule of review of a summary judgment is well settled. Summary judgment is proper only if there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law. *Page 203 
Rule 56, Ala.R.Civ.P. If there is a scintilla of evidence to support the position of the nonmoving party, summary judgment can not be granted. Cole v. First National Bank of Tuskaloosa,485 So.2d 717, 719 (Ala. 1986). A scintilla has been defined as a "mere gleam, glimmer, spark, the least particle, the smallest trace." Howard v. Crowder, 496 So.2d 31, 32 (Ala. 1986). On review of a summary judgment, the evidence must be viewed in the light most favorable to the non-moving party, here Condelles. Pranzo v. ITEC, Inc., 521 So.2d 983, 984 (Ala. 1988). We hold that the trial judge properly granted summary judgment as to both claims in this case.
First, Condelles claimed that he had a one-year employment contract with WAKA and that the station breached that contract by firing him. He based this assertion on a letter he received from Morock:
 "This letter is an official offer of employment at WAKA to be effective December 15, 1985. The salary is $350/week, to be reviewed at the end of one year employment.
 "If the offer of employment is accepted, you will be required to sign a non-compete statement and a statement agreeing to pro-rate the moving expense over a 12-month period, should you leave by your choice before completion of one year employment. For example, if you decided to leave WAKA after only four months of work at the station, you would owe us two-thirds of the moving expense provided by WAKA.
 "The offer of employment is for weekend anchor/weekday reporter, when weekend news operation begins in January."
Condelles argues that this letter supplied the necessary scintilla of evidence in support of his claim that he had a one-year employment contract with WAKA. We hold that there is not a scintilla of evidence in this case that a one-year employment contract existed.
After the date of this letter, Condelles signed an employment contract with WAKA that clearly stated that he was to be an at-will employee:
 "The parties acknowledge that Employee is employed at the will of WAKA, and nothing contained herein is intended to create an employment relationship for any set term or duration or an employment relationship that is not an `at-will' relationship."
This contract also contained a merger clause just above the signatures:
 "This agreement comprises the entire understanding of the parties relating to the matters herein, no prior representations having been made by either party. This agreement cannot be modified except in a writing signed by the party upon whom enforcement is sought."
The facts of this case are similar to those in Pranzo v. ITEC,Inc., 521 So.2d 983, 985 (Ala. 1988). In that case the employee, Pranzo, had been fired by ITEC, Inc., after signing a document with an employment-at-will clause. Pranzo claimed breach of contract, and this Court held:
 "With regard to Pranzo's arguments that ITEC breached its covenant or contract with him and that he was wrongfully terminated, we likewise find no error. Pranzo executed the document with the employment-at-will clause in it before beginning work at ITEC. Therefore, `[any oral agreements] would have merged into the subsequent written employment contract.' Because `[a]n at will employment contract is terminable by either party for a good reason, a bad reason, or no reason at all,' we are constrained to uphold the circuit court's judgment on Pranzo's claims."
(Citations omitted.)
Like the employee in Pranzo, Condelles, signed a document containing an employment-at-will clause and a merger clause. InColafrancesco v. Crown Pontiac-GMC, Inc., 485 So.2d 1131 (Ala. 1986), we discussed the effect of a contract containing a merger clause:
 "`Once a contract between two parties is reduced to writing, absent mistake or fraud, the courts must construe the contract as written. "Furthermore in the absence of ambiguity the court *Page 204 
cannot interpret the contract but must take it as it is written. . . ."'
". . . .
 ". . . Furthermore, the contract contained a merger clause, which provides: `The above comprises the entire agreement pertaining to this purchase and no other agreement of any kind, verbal understanding or promise whatsoever, will be recognized.' Plaintiff signed the contract immediately below this clause.
 "Merger clauses, like the one in the case sub judice, have been given effect in Alabama for years. . . ."
Colafrancesco, at 1132-33, quoting Shepherd Realty Co. v.Winn-Dixie Montgomery, Inc., 418 So.2d 871 (Ala. 1982).
In this case, Condelles admitted that he had read the contract and that he did not object to its terms when he signed it. We hold that the contract in this case was clear and unambiguous. Where language of a contract is unambiguous and plain in its expression, the court cannot alter the agreement by construction but rather must expound it as made by the parties. Lilley v. Gonzales, 417 So.2d 161, 163 (Ala. 1982). In this case the trial judge properly applied the clear language of the contract, by which Condelles was an employee at will.
Condelles contends that the letter quoted above is the employment contract, and that the agreement stating that he is an employee at will is only a noncompetition agreement. He also argues that he was paid no consideration for signing the noncompetition agreement. We note that our case law holds that continued employment is sufficient consideration for signing a noncompetition agreement. Daughtry v. Capital Gas Co., 285 Ala. 89,93, 229 So.2d 480, 483 (1969).
Regardless of what the contract is called by the parties, either an employment contract or a noncompetition agreement, its terms are clear, and there is no contention that it was the product of mistake or fraud. Not only is there no contention that Condelles did not read or understand the contract's terms, but the undisputed evidence shows that he read the contract and had a friend with a law degree read it as well. He then signed the contract. Under these facts, we hold that the trial judge properly applied the unambiguous contract, and his judgment is due to be affirmed as to the contract count.
Second, we turn to Condelles's fraud claim. He argues that the defendants are liable for fraud for representing to him that he would be the anchorman of the weekend newscast. It is undisputed that there was no weekend newscast during the time that Condelles was working for WAKA. However, it is also undisputed that Condelles knew the weekend newscast had not begun when he agreed to work for WAKA, and that it was to start at some point in the future. The commencement of this newscast was a future act. Where a fraud claim involves the performance of future acts, a plaintiff must prove two elements in addition to those listed in the statute:
 "It is clear in the present case, from the record and from the briefs of the parties, that the alleged misrepresentations concerned future acts. In such cases, not only must the basic elements of misrepresentation, Code 1975, § 6-5-101, be fulfilled, but the plaintiff must also prove two additional elements: (1) that the defendant intended, at the time of the alleged misrepresentation, not to perform, and (2) that the defendant made the representation with a present intent to deceive."
Selby v. Quartrol Corp., 514 So.2d 1294, 1297 (Ala. 1987) (emphasis original).
We cannot find a scintilla of evidence in the record to indicate that any of the defendants had any intention of deceiving Condelles at the time of the alleged misrepresentations. There is likewise no evidence that, at the time the contract was made, the defendants did not plan to air a weekend newscast, or that they did not intend to make Condelles the anchorman of such a broadcast. The failure to perform a promised act is not in itself evidence of intent to deceive at the time a promise is made. If it were, the mere breach of a contract would be tantamount to fraud. RussellvilleProduction Credit Association *Page 205 v. Frost, 484 So.2d 1084, 1086 (Ala. 1986).
Condelles also contends that he was defrauded with regard to the application of the noncompetition agreement. Notwithstanding this argument, again we note that the contract Condelles signed was clear on this point and, in addition, that no scintilla of evidence was offered to show that any of the defendants had an intent to deceive Condelles when the December 4, 1985, letter was written. The summary judgment was, therefore, proper as to the fraud count, and it is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.