THOMPSON, Judge.
This case concerns contemporaneous divorce judgments from Rhode Island and Alabama concerning Joseph Schoel Webster, Sr., and Stacey Marie Felicetti Webster.
These parties were married in Mystic, Connecticut, on December 4, 1993. They had a child born on March 8, 1994. In August 1994, the family moved to Alabama. At that time, the father was still in military service in Connecticut and would visit the wife and child on weekends. The father was subsequently discharged from the military service and returned to Alabama, where he lived with the mother and the minor child until March 1995. In March 1995, the mother took the minor child and went to live with her parents in Rhode Island.
The father filed a divorce complaint in the Jefferson Circuit Court on September 15, 1995. The mother filed an answer and a counterclaim on December 21, 1995. In her answer, the mother notified the Jefferson Circuit Court of a temporary order entered by a Rhode Island family court on July 19, 1995, and she attached a copy of that order. In this temporary order, the Rhode Island court took emergency jurisdiction pursuant to that state’s implementation of the Uniform Child Custody Jurisdiction Act and ordered that temporary custody of the minor child be with the mother and ordered that the father pay child support.
On March 27,1997, the mother filed, in the Jefferson Circuit Court, a motion to dismiss or, in the alternative, to limit relief. In this *60 motion, the mother informed the Jefferson Circuit Court that she had filed a divorce complaint in the Rhode Island family court on or about May 4,1995, and that the Rhode Island court had issued an order pending entry of final judgment on March 27, 1997. In this order, the Rhode Island court had granted a divorce from bed and board, awarded custody of the minor child to the mother, and awarded child support.
On March 28, 1997, the Jefferson Circuit Court conducted an ore tenus proceeding; it entered a final judgment of divorce on April 24, 1997. In its final judgment of divorce, that court held that the Rhode Island court had no jurisdiction to enter any orders pertaining to the minor child, and it awarded custody to the father. The mother appeals the Jefferson Circuit Court’s award of custody to the father.
The mother claims that the Jefferson Circuit Court erred in exercising jurisdiction over the matter of custody. She argues that pursuant to the Parental Kidnapping Prevention Act (P.K.P.A.), 28 U.S.C.A. § 1738A (West 1994), and Alabama’s version of the Uniform Child Custody Jurisdiction Act (U.C.C.J.A.), § 30-3-20 et seq., Ala.Code 1975, the Jefferson Circuit Court was barred from exercising jurisdiction over the minor child.
The two relevant statutes read in pertinent part:
“A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pen-dency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination.”
28 U.S.C.A. § 1738A(g) (West 1994).
“A court of this state shall not exercise its jurisdiction under this article if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this article, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.”
Section 30-3-26(a), Ala.Code 1975.
To the extent that the P.K.P.A. conflicts with the U.C.C.J.A., the federal statute preempts the provisions of the state statute. Flannery v. Stephenson, 416 So.2d 1034, 1038 (Ala.Civ.App.1982).
In its order of July 19, 1995, the Rhode Island court found:
“a) That the Plaintiff and minor child have been residents of Rhode Island since March, 1995.
“b) That the Plaintiff left the State of Alabama and the Defendant due to his physical abuse of the infant minor child which included squeezing the child’s hand, flicking the child on the head, which is inappropriate behavior. That this was the primary reason for the Plaintiff leaving the State of Alabama.
“c) That Rhode Island is the appropriate forum under the Emergency Doctrine of the Uniform Child Custody Jurisdiction Act due to the physical abuse by the Defendant to the minor child in Alabama, “d) That there are no other matters pending, including a Divorce Complaint in any other State.”
Our supreme court took the opportunity to extensively interpret the application of the P.K.P.A. in Ex parte Blanton, 463 So.2d 162 (Ala.1985). The crux of the Blanton holding was that once jurisdiction is established in one state, that state continues to have jurisdiction under the P.K.P.A., as long as the child or one of the contestants remains in that state. Id. at 167. That court stated:
“If one or more of the above-named parties continued to reside in Louisiana at the time the Mobile court exercised its jurisdiction, the Louisiana court’s continuing jurisdiction triggered § 1738A(g) and the action of the Mobile court, even though proper under Alabama’s ‘home state’ provision, was barred.”

Id.

In the instant case, the mother and the minor child continued to reside in Rhode Island at the time the Jefferson Circuit *61 Court exercised jurisdiction. The Rhode Island court’s continuing jurisdiction triggered § 1738A(g) of the P.K.P.A., and the action of the Jefferson Circuit Court, even though proper under Alabama’s “home state” provision, was barred. It does not appear from the record that the Jefferson Circuit Court had any contact with the Rhode Island court. Section 30-3-26(c), part of the U.C.C.J.A., provides:
“If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction, it shall stay the proceeding and communicate with the court in which the other proceeding is pending, to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with sections 30-3-39 through 30-3-42_”
When she filed her answer and counterclaim to the husband’s divorce complaint, the mother informed the Jefferson Circuit Court of the existence of the Rhode Island order, as directed by § 30-3-26. Had the Jefferson Circuit Court communicated thereafter with the Rhode Island court, as directed in § 30-3-26(c), accommodation between the courts could have occurred.
It was error for the Jefferson Circuit Court to exercise jurisdiction over the child without complying with the requirements of the P.K.P.A. and the U.C.C.J.A. The judgment of the trial court awarding custody to the father is reversed. The cause is remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.