729 So.2d 260 (1998)
AMERICAN GENERAL FINANCE, INC., et al.
v.
Roy L. MANLEY.
Ex parte Barbara A. Danley.
Re Barbara A. Danley
v.
American General Finance, Inc., et al.
Ex parte Orvil D. Wellington and Alice Wellington.
Re Orvil D. Wellington and Alice Wellington
v.
American General Finanace, Inc., et al.
Nos. 1970386, 1970622 and 1970623.
Supreme Court of Alabama.
November 20, 1998.
*261 Robert H. Rutherford, Carol H. Stewart, and Eric D. Franz of Burr & Forman, L.L.P., Birmingham; and Larry B. Moore of Moore & Trousdale, P.C., Florence, for American General Finance, Inc., Merit Life Insurance Company, William S. Richardson, and Angela Renee Landers.
J. Wilson Mitchell of Yates, Mitchell, Bernauer, Winborn & Morton, Florence, for Barbara A. Danley, Roy L. Manley, Orvil D. Wellington, and Alice Wellington.
PER CURIAM.
The appeal in case no. 1970386 is from a denial of the defendants' motion to compel arbitration. The defendants supported their motion by submitting a copy of the contract at issue and pertinent affidavits of an officer and an employee of the defendant American General Finance, Inc. The only opposition to that motion was an argument on behalf of the plaintiff that the arbitration clause was unenforceable for lack of mutuality.[1] That argument relied on language from the lead opinion in Northcom, Ltd. v. James, 694 So.2d 1329 (Ala.1997). In Ex parte McNaughton, 728 So.2d 592 (Ala.1998), this Court, referring to the pertinent language from the lead opinion in Northcom, stated: "[W]e reject this dictum from Northcom...." On the authority of McNaughton, the denial of the motion to compel arbitration is reversed, and the cause is remanded for further proceedings.
The petitions for the writ of mandamus, in case no. 1970622 and case no. 1970623, arise from actions substantially similar to the action from which the appeal in case no. 1970386 arises. In the actions that are the subjects of the mandamus petitions, the circuit court granted the defendants' motions to compel arbitration. For the reasons stated in regard to the appeal, the petitions are denied.
1970386REVERSED AND REMANDED.
1970622 and 1970623WRITS DENIED.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, and LYONS, JJ., concur.
KENNEDY, J., concurs specially.
COOK, J., concurs in the result.
ALMON and SHORES, JJ., dissent, with opinion by ALMON, J.
KENNEDY, Justice (concurring specially).
In McNaughton v. United Healthcare Services, Inc., 728 So.2d 592 (Ala.1998), a majority of this Court issued, in a case concerning arbitration, a decision from which I dissented and with which I continue to disagree. Nevertheless, the holding in that case is now recognized as the law of this state, which I am sworn to uphold. Because I agree with the majority in the present case that McNaughton controls, I concur in today's opinion. However, I stand willing to reverse the holding in McNaughton as one that does not achieve substantive justice.
ALMON, Justice (dissenting).
I dissent for the reasons stated in my dissenting opinion in Ex parte McNaughton, 728 So.2d 592 (Ala.1998), and in my opinion in Northcom, Ltd. v. James, 694 So.2d 1329 (Ala.1997).
SHORES, J., concurs.
NOTES
[1] The plaintiff, as appellee, makes passing reference in his appellate brief to other bases on which, he argues, the denial of the motion could be upheld. These arguments have not been sufficiently preserved in the record or developed here to support an affirmance. See Spradlin v. Spradlin, 601 So.2d 76, 78-79 (Ala.1992).