Kenya Owens sued Valley Finance, Inc., alleging fraud, conversion, trespass, negligence, and wantonness in connection with Valley's repossession of an automobile Owens had used as collateral for a loan she got from Valley. Valley filed a motion to stay proceedings and to compel arbitration because, it said, Owens had signed an arbitration agreement when she got the loan. After a hearing, the trial court denied Valley's motion. Valley appealed.[1]
In January 1997, Owens took out a loan with Valley to buy a used Nissan automobile. The car was collateral for the loan. As part of the loan transaction, Owens signed an "Alternative Dispute Resolution Agreement," which provides in pertinent part as follows: *Page 440 
 "(1) ALL DISPUTE [sic], CONTROVERSIES OR CLAIMS OF ANY KIND AND NATURE BETWEEN LENDER AND BORROWER ARISING OUT OF OR IN CONNECTION WITH THE LOAN AGREEMENT, OR ARISING OUT OF ANY TRANSACTION OR RELATIONSHIP BETWEEN LENDER AND BORROWER, OR ARISING OUT OF ANY PRIOR OR FUTURE DEALINGS BETWEEN LENDER AND BORROWER, SHALL BE SUBMITTED TO ARBITRATION AND SETTLED BY ARBITRATION IN THE STATE OF ALABAMA IN ACCORDANCE WITH THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION (THE `ARBITRATION RULES OF THE `AAA'), AND JUDGMENT UPON THE AWARD RENDERED BY THE ARBITRATOR(S) MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF.
". . . .
 "(5) Notwithstanding any language in this Agreement to the contrary, in the event of a Default in payment under the Loan Agreement, the Lender may seek its remedies in an action at law or in any permitted non-judicial manner (such as, but not limited to, the right of self-help repossession under Article 9 of the Uniform Commercial Code and/or the foreclosure power of sale under Section 35-10-1 et seq., Code of Alabama (1975, as amended): and, its decision to do so shall not be deemed to be a waiver of its right thereafter to insist upon and seek specific enforcement of its rights under this Agreement, in the event that the Borrower shall assert a counterclaim or right of setoff in such judicial or non-judicial action.
 "(6) EXCEPT AS LIMITED HEREINABOVE, LENDER AND BORROWER UNDERSTAND AND AGREE (I) THAT EACH OF THEM IS WAIVING RIGHTS TO SEEK REMEDIES IN COURT INCLUDING THE RIGHT TO A JURY TRIAL; (II) THAT PREARBITRATION DISCOVERY IN ARBITRATION IS GENERALLY MORE LIMITED THAN AND DIFFERENT FROM COURT PROCEEDINGS; (III) THE ARBITRATORS' AWARD IS NOT REQUIRED TO INCLUDE FACTUAL FINDINGS OF LEGAL REASONING; AND (IV) EITHER PARTY'S RIGHT TO APPEAL OR TO SEEK MODIFICATION OF RULINGS BY THE ARBITRATORS IS STRICTLY LIMITED. THE VENUE FOR ARBITRATION OR MEDIATION SHALL BE IN THE COUNTY OF THE BORROWER'S RESIDENCE."
When Owens signed the arbitration agreement, she was a 19-year-old first-time car buyer. She claims that no one at Valley discussed the arbitration agreement with her before she signed it. There is no evidence that she had any meaningful choice about whether to agree to arbitration. Valley, who held the superior bargaining position, reserved for itself the right to litigate. Valley claims that the trial court erred in refusing to enforce the written agreement on the ground of "mutuality of remedy." On the other hand, Owens contends that the agreement to arbitrate was part of a contract of adhesion and that she gave up her right to trial by jury while at the same time Valley retained for itself the right to sue. Because there is no "mutuality of obligation" or "mutuality of remedy," Owens says, the agreement is unconscionable and the trial court's order is correct.
Owens relies on Northcom, Ltd. v. James, 694 So.2d 1329
(Ala. 1997) (with one justice concurring), in support of her contention. The language she relies reads as follows:
 "[W]e hold that, in a case involving a contract of adhesion, if it is not shown that the party in an inferior bargaining position had a meaningful choice of agreeing to arbitration or not, and if the *Page 441 
superior party has reserved to itself the choice of arbitration or litigation, a court may deny the superior party's motion to compel arbitration based on the doctrines of mutuality of remedy and unconscionability."
Id. at 1338. However, in Ex parte McNaughton, [Ms. 1961708, August 28, 1998] 728 So.2d 592 (Ala. 1998), a majority of the Alabama Supreme Court specifically rejected that language. In McNaughton the court found that "arbitration is not inherently unconscionable, nor is it a remedy." Id. at 597. Therefore, it held, an arbitration agreement could not be void on the basis of the doctrine of unconscionability/mutuality of remedy. The Supreme Court also pointed out that it had already rejected the use of the "mutuality of obligation doctrine" to strike down an arbitration clause. Id. at 599, n. 7. See also, Ex parte Napier, [Ms. 1961828, November 6, 1998] 723 So.2d 59 (Ala. 1998) and American General Finance, Inc. v. Manley, [Ms. 1970386, November 20, 1998] 729 So.2d 260 (Ala. 1998).
When the trial court entered its judgment in this case, that judgment was correct based on the law at the time. The trial court could not have foreseen that the Supreme Court would change the law on the issue before it between the time it entered its judgment and the rendering of this decision. This change in the law has effectively done away with the rationale behind Northcom. Under Northcom, a party who has no meaningful choice in whether to enter into a binding arbitration agreement or who does not understand the significance of being required to arbitrate rather than have his or her case heard by a jury should not be forced to submit to binding arbitration. Arbitration is an excellent vehicle for settling disputes when both parties have bargained for arbitration as a term of their contract and have willingly consented to its use, thereby knowingly waiving their constitutional right to a trial by jury. In such cases, certainly both parties should be held to binding arbitration as agreed to in their contract. However, when a superior party essentially coerces the other party into giving up the right to a jury trial through the use of a contract of adhesion, compelling binding arbitration should be untenable. All the more untenable are cases like this one in which the party that effectively has no bargaining power and no meaningful choice regarding whether to submit to arbitration is forced to arbitrate disputes; however, the superior party that drafted the adhesion contract is free to litigate if it so chooses.
Nonetheless, with the release of McNaughton, the Supreme Court has specifically rejected the language that served as the basis of Owens's arguments as to why she should not be bound by the arbitration clause of her contract. Therefore, we must find that the trial court's order refusing to enforce the arbitration clause on the ground of mutuality of remedy must be reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Robertson, P.J., and Yates, and Thompson, JJ., concur.
Crawley, J., concurs in the result.
[1] Valley appealed directly to this court, and the certificate of completion of the record, filed March 25, 1998, was sent to the clerk of this court. This court transferred the case to the Alabama Supreme Court for lack of subject matter jurisdiction; the Supreme Court then transferred the case back to this court pursuant to