The trial court properly determined the preliminary issue of arbitrability, because the contract did not very clearly grant to an arbitrator the power to decide the preliminary issue of arbitrability. SeeFirst Options of Chicago, Inc. v. Kaplan, 514 U.S. 938 (1995);Allstar Homes, Inc. v. Waters, *Page 869 711 So.2d 924 (Ala. 1997); Ex parte Williams,686 So.2d 1110, 1112 (Ala. 1996) (Houston, J., concurring in the result). Furthermore, Mrs. Perry specifically challenged the enforceability of the arbitration provision on fraud grounds; therefore, even if the arbitration provision had clearly stated that an arbitrator was to decide the preliminary issue of arbitrability, the issue whether the arbitration provision had been fraudulently induced would still have been properly reserved to the trial court. See Ex parte Foster, [Ms. 1972306, August 20, 1999] ___ So.2d ___ (Ala. 1999). I have thoroughly reviewed the record and the videotape showing Mrs. Perry signing the contract that contains the arbitration provision. I cannot agree that there is a factual question as to whether Mrs. Perry's signature was obtained, as she alleged, through "fraud, trickery, or indirection." There is no evidence to indicate that Mrs. Perry was denied an opportunity to read the contract or to ask questions. There is also no evidence to indicate that Mrs. Perry could not have understood that she was agreeing to what she was signing; and I cannot infer such a diminished capacity based solely on evidence of Mrs. Perry's age, race, or marital status.
Likewise, I cannot agree with Mrs. Perry's contention that the trial court's order is due to be set aside under Northcom, Ltd. v. James,694 So.2d 1329 (Ala. 1997), on the ground of unconscionability and lack of mutuality of remedy. See Ex parte McNaughton, 728 So.2d 592 (Ala. 1998), rejecting the Northcom dictum regarding the doctrine of unconscionability/mutuality of remedy. See also Ex parte Napier723 So.2d 49 (Ala. 1998), and American General Finance, Inc. v. Manley,729 So.2d 260 (Ala. 1998).
I also note that the record does not make it clear whether Mrs. Perry's claim under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, 15 U.S.C. § 1501 et seq., is based on allegations of a breach of a written warranty, a breach of an unwritten warranty, or both. InSouthern Energy Homes, Inc. v. Lee, 732 So.2d 994 (Ala. 1999), this Court adopted the rationale of the United States district court inWilson v. Waverlee Homes, Inc., 954 F. Supp. 1530 (M.D. Ala. 1997), affirmed, 127 F.3d 40 (11th Cir. 1997) (table), and Boyd v. Homesof Legend, Inc., 981 F. Supp. 1423 (M.D. Ala. 1997). UnderWilson and Boyd, Mrs. Perry's Magnuson-Moss Act claim may not be arbitrable; however, under this Court's stringent standard for reviewing mandamus petitions, I cannot hold, based on this record, that the trial court clearly erred in ordering Mrs. Perry to arbitrate her Magnuson-Moss Act claim.