HARWOOD, Justice
(concurring specially).
I concur in the denial of the petition for a writ of mandamus. Critical to my decision in that regard is the fact that nowhere in the materials submitted by petitioner, i.e., the text of, and the exhibits attached to, (1) the petition for the writ of mandamus filed by Orkin Exterminating Co., Inc.; (2) “Plaintiffs Answer and Brief in Opposition to Defendants’ Petition for Writ of Mandamus”; and (3) “Orkin Exterminating Co., Inc.’s Reply Brief in Support of its Petition for Writ of Mandamus,” are we informed as to the text, or the content, of the notices provided to the eligible class members. The trial judge made the following specific observation and directive in his “Order Granting Class Certification”:
“If a potential class member in Alabama has actual unreimbursed physical damages claims against Orkin, he or she is very likely going to opt out of the Class here certified. Any mailed form of the Class Notice which is approved by the Court shall advise Orkin customers as to the limitations on the recovery herein sought.”
The “Notice” section of the order directed class counsel to submit to the court “a proposed form of mailed notice of the pen-dency of this class action; a summary notice for publication purposes; a proposed notice plan for dissemination of class notice; and a proposed notice order.”
Included as an exhibit to Orkin’s reply brief is a copy of the trial court’s “Order Directing Class Notice” dated February 5, 1998. In that order the court stated that it had determined that it was appropriate to approve a submitted form to be mailed to the class members and a “summary published notice”; the order further stated that class counsel were “authorized and directed to disseminate mailed and published notice as soon as practical.” This order does not provide any information concerning the content of any of those notices. In its order granting class certification, the trial court noted that “[t]he Plaintiffs have emphasized at the class hearing that they sue on behalf of Alabama customers only for the economic losses in respect to the contract charges (including interest thereon), and not for the individualized home structural physical damage claims.” The court then stated in the conclusion section of its order that “[ejxcluded from the Class are ... (g) the claims for damages of any Class member that are based on the amount of physical damage or loss to their homes or structures from Termite infestation.”
Orkin attaches as an exhibit to its petition the affidavit of a paralegal working for Orkin’s counsel, advising that “[following the end of the opt-out ... I looked through all of the opt-out forms filed with the clerk of the aforesaid court and did not find a form containing any of the following names: Phillip Junkin, Debra Junkin.” Orkin attaches as an exhibit to its reply brief the affidavit of another paralegal, employed by lead counsel for the plaintiffs, attesting that she “was involved in assembling the envelopes and class action notice for mailing” and that the notice “was inserted into in the envelopes, labeled, sorted for mailing, and taken over to the main downtown Birmingham post office for mailing.” Orkin asserts in the reply brief that “[t]he list of approximately 48,000 names and mailing addresses included plaintiff Phillip Junkin’s name and address,” attaching as an exhibit a page purported to represent “Class List, p. 1431,” and on which is listed the name of Phillip *577 Junkin and the address of “15326 Tierce Lake Road, Northport, AL 35475.” Apparently, notice was sent only to Phillip Junkin and not his wife and coplaintiff, Debra Junkin.
Given that we do not know what the mailed notice sent to Phillip Junkin advised him concerning the nature of the class and the nature of the included, as well as excluded, claims, and that we do not know what it stated in compliance with the trial judge’s order that it should “advise Orkin customers as to the limitations on the recovery herein sought” and their rights to opt out, I cannot conclude that Phillip Junkin’s failure to opt out of the class action represented his intent to forgo his “actual unreimbursed physical damages claims against Orkin.” Moreover, I certainly cannot conclude that Debra Junkin is prosecuting a second “same” action, inasmuch as a class notice was sent only to Phillip Junkin. In other words, I cannot agree that Orkin has sustained the burden it bears in petitioning for the writ of mandamus, of showing that there is “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.” Ex parte McNaughton, 728 So.2d 592, 594 (Ala.1998), cert. denied, 528 U.S. 818, 120 S.Ct. 59, 145 L.Ed.2d 52 (1999). See also Ex parte Bailey, 814 So.2d 867 (Ala.2001).
JOHNSTONE, J., concurs.