LYONS, Justice.
Royce Privett, who is currently serving time in the Tallahatchie Correctional Facility[1] on a conviction for two counts of sodomy and four counts of unlawful sexual conduct, petitions for a writ of mandamus directing Judge Charles Price of the Montgomery Circuit Court to take action in a case he says is pending before Judge Price. For the reasons discussed below, we deny the petition.
On November 22, 2000, Privett filed in the Montgomery Circuit Court what he calls an action for a declaratory judgment, seeking to have a statute declared unconstitutional. That case, no. CV-00-3070, was assigned to Judge Price. On December 13, 2001, the attorney general waived the right to participate in Privett’s action and argued that Privett’s action was essentially a petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P.
According to Privett, he requested a case action summary from the Montgomery Circuit Court on February 26, 2001, and again on March 9, 2001. There is no evidence indicating that Privett received any response to his requests. Judge Price then transferred the case file to the El-more Circuit Court on July 2, 2001, and the clerk’s office of the Elmore Circuit Court accepted delivery of Privett’s case file on July 5, 2001. Subsequently, the Elmore Circuit Court transferred Privett’s case to the Blount Circuit Court on August 19, 2001, which is the court in which Pri-vett was convicted. The clerk’s office of the Blount Circuit Court assigned Privett’s case to Judge Robert E. Austin and placed the case on the active docket as case number CV-01-223. Later in August 2001, Judge Austin recused himself from Pri-vett’s case and requested that the Administrative Office of Courts (“AOC”) appoint a special judge outside of the Blount Circuit to hear Privett’s case. On November 28, 2001, the AOC appointed Judge William H. Rhea of the Etowah Circuit Court to preside over Privett’s case in the Blount *856 Circuit Court and issued an order to that effect. Nothing before us indicates that any further activity has taken place or that there have been any rulings in Privett’s case.
Privett filed a petition requesting that this Court issue a writ of mandamus instructing Judge Price to respond to Pri-vett’s action. This Court has stated:
“ ‘A writ of mandamus is an extraordinary remedy that requires a showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.’ ”
Ex parte Thicklin, 824 So.2d 723, 727 (Ala.2002) (quoting Ex parte McNaughton, 728 So.2d 592, 594 (Ala.1998)).
Privett does not have a clear legal right to the order sought, and there is no imperative duty upon the respondent, Judge Price, to perform. Judge Price is no longer assigned to Privett’s case, and he no longer has custody of Privett’s case file. Therefore, Judge Price no longer has any duties or responsibilities regarding Privett or his case. Because Privett has no clear legal right to the relief sought and is owed no duty from Judge Price, his petition directed to Judge Price must be denied.
It must be said, however, that Pri-vett does have a right to be heard in Alabama’s trial courts. Nonetheless, Pri-vett must first seek redress from the trial court that is currently presiding over his case. In the event further proceedings are not forthcoming in the Blount Circuit Court, then Privett’s remedy is to file a petition for a writ of mandamus naming as a respondent the appropriate official or officials in Blount County.
PETITION DENIED.
HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.

. The Tallahatchie Correctional Facility is located in Mississippi. To alleviate prison overcrowding in Alabama, some inmates were transferred to prisons in Mississippi. Privett was incarcerated at the Limestone Correctional Facility when he was confined in Alabama.